## 24899. SMITH v. THE STATE.

NICHOLS, Justice. Jack Henry Smith was indicted, tried and convicted in the Superior Court of Fulton County of the offense of robbery by force and sentenced to serve 10 years in the penitentiary. His motion for new trial, as amended, was overruled and in his appeal to this court he enumerates 4 grounds of alleged error.

The first enumeration of error, designated ground 1, complains that the trial court erred in overruling his challenge to the traverse jurors placed upon him in the trial of the case, also in overruling his motion to quash the indictment because the grand jury that indicted him was not properly constituted; the second enumeration of error, designated ground 2, complains that the trial court erred in permitting the prosecution to ask the trial jurors the following question: "Are you conscientiously opposed to capital punishment?", and in overruling his motion in support of his objection to such question; the third enumeration of error, designated ground 3, complains that the trial court erred in overruling appellant's objection to certain evidence offered by the prosecution; the fourth enumeration of error complains that the trial court erred in overruling his objection to the remarks of counsel for the prosecution in his summation to the jury to the effect

that appellant had made an unsworn statement and had not been sworn as a witness on the trial of said case. *Held:*

1. Ground 1 of the enumerations of error is without merit in that neither motion met the statutory requirement of being in writing. *Code* § 27-1501. See also *Bryant v. State,* 224 Ga. 235 (161 SE2d 312); *Wooten v. State,* 224 Ga. 106 (160 SE2d 403).

2. Ground 2 of the enumerations of error is without merit as the death sentence was not imposed in the case. See Bumper v. North Carolina, 391 U. S. 543 (88 SC 1788, 20 LE2d 797).

3. Ground 3 of the enumerations of error is without merit for the reason that assuming, but not deciding, that the evidence objected to was for any reason inadmissible, the absence of an affirmative showing on the trial that such evidence was injurious, harmful or hurtful to the appellant would show only harmless error. *Sturkie v. Skinner,* 214 Ga. 264 (104 SE2d 417); *Hall v. State,* 202 Ga. 619 (44 SE2d 234).

4. Ground 4 of the enumerations of error is without merit for the reason that the record discloses that appellant's attorney first made reference to the fact that appellant had made an unsworn statement in the case. Once such fact was before the jury the prosecuting attorney had the right to comment upon the matter.

5. The usual general grounds of the motion for new trial not having been argued or insisted upon they are treated as abandoned. Accordingly, the trial court did not err in overruling appellant's motion for new trial for any of the reasons assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 15, 1968—DECIDED NOVEMBER 7, 1968.

*Hall & Hall, William V. Hall, Sr., William V. Hall, Jr.,* for appellant.

*Lewis R. Slaton, Solicitor General, Carter Goode, Tony H. Hight, J. Walter LeCraw, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Courtney Wilder Stanton,* for appellee.