## 44481. ALLEN v. CARTER.

PANNELL, Judge. 1. "The brief filed by the appellant in this case does not meet the requirements of Rule 17 (a) (1) and Rule 17 (c) (3) (A) and Rule 17 (c) (3) (B) of this court adopted by it on July 21, 1965, and effective August 1, 1965, in that there is no citation or reference to the record or transcript. Accordingly, under the decisions of the court in *Strickland v. English*, 115 Ga. App. 384 (2) (154 SE2d 710) and *Crider v. State of Ga.*, 115 Ga. App. 347 (1) (154 SE2d 743), the enumerations of error for which there is no reference made in either the enumerations or the brief will be considered as abandoned." *Brickle v. Ford Motor Credit Co.*, 117 Ga. App. 557 (161 SE2d 424). See also *Coley v. Smith*, 117 Ga. App. 822 (162 SE2d 216). However, since one of the enumerations of error complains of the lack of evidence to support a finding of $350 as the value of the dog sued for, that question must be considered.

2. The only evidence submitted as to the value of the dog was the price of $57.50 paid for the dog as a three-month old puppy; that the dog was now sixteen months old, was a good watch dog, was entitled to be registered, and was well-cared for; that an Atlanta policeman had made an offer of $500 for the dog and the party from whom the plaintiff had purchased the dog had stated to the plaintiff that the dog was worth $500. The jury returned a verdict for $350. The testimony as to the offer made and as to the former owner's opinion was pure hearsay, and had no probative value in determining the market value of the dog. *Groover v. Simmons*, 161 Ga. 93 (6) (129 SE 778) Compare *Bell v. Tucker*, 37 Ga. App. 254 (7) (139 SE 573); *Ga., Fla. &c. R. Co. v. Spivey*, 14 Ga. App. 157 (3) (80 SE 678).

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*

SUBMITTED JUNE 2, 1969—DECIDED JUNE 18, 1969.

*Walter O. Allanson*, for appellant.