## 44833.  BURCHFIELD et al. v. BYERS.

EVANS, Judge.  1.  On motion of opposing counsel, a witness who came upon the scene of the collision after it occurred was not allowed to tell where the "lick" occurred in regard to the motor vehicles because it called for a conclusion on his part.  The court properly sustained the objection as the answer stricken was not in reply to any question asked, and counsel did not pursue it further by asking questions within the knowledge of the witness.  The cases of *Stenger v. Weller,* 47 Ga. App. 863 (1) (171 SE 829); *Sikes v. Wilson,* 74 Ga. App. 415 (2) (39 SE2d 902); *Royal Crown Bottling Co. of Gainesville v. Stiles,* 82 Ga. App. 254 (4) (60 SE2d 815); *Davidson v. State,* 208 Ga. 834 (69 SE2d 757), are not applicable since this witness neither qualified as an expert nor was he questioned as to what he saw at the scene from which he could have formed the basis for an opinion as to where the impact occurred.  The testimony he was attempting to give was as to where the "lick happened" without establishing the facts upon which he based an opinion.  Counsel failed to pursue the question further in the examination of the witness, and no error is shown.  This enumeration of error is not meritorious.

2. Appellant's brief does not comply with Rule 17 as to substance and content, and in ruling upon enumerations of error 3, 4 and 5, we are unable to ascertain therefrom the issues of law as made in the appeal since the paginations of the record and transcript essential to a consideration thereof are not given.  Since there is no such reference in either the enumerations of error or the brief, enumerated errors 3, 4 and 5 will be considered as abandoned.  *Wall v. Rhodes,* 112 Ga. App. 572 (145 SE2d 756); *Strickland v. English,* 115 Ga. App. 384 (154 SE2d 710); *Crider v. State of Ga.,* 115 Ga. App. 347 (1) (154 SE2d 743); *Bode v. Northeast Realty Co.,* 117 Ga. App. 226 (160 SE2d 228); *Brickle v. Ford Motor Credit Co.,* 117 Ga. App. 557 (161 SE2d 424); *Coley v. Smith,* 117 Ga. App. 822 (162 SE2d 216); *Allen v. Carter,* 119 Ga. App. 825 (168 SE2d 901).

3. The first enumeration of error is not argued in the brief, and is therefore deemed abandoned inasmuch as no oral argument was made.

4. Having considered every enumeration of error, and finding none, the judgment is

*Affirmed. Jordan, P. J., and Whitman, J., concur in the judgment.*

SUBMITTED OCTOBER 7, 1969—DECIDED FEBRUARY 9, 1970.

*Stafford R. Brooke,* for appellants.

*John T. Minor, III,* for appellee.

