46051. RALSTON PURINA COMPANY v. HAGOOD.

SUBMITTED MARCH 3, 1971—DECIDED JUNE 18, 1971—
REHEARING DENIED JULY 12, 1971.

*Murphy & Murphy, Jack F. Witcher,* for appellant.

*Howe & Murphy, Harold L. Murphy,* for appellee.

QUILLIAN, Judge. ■ Enumeration of error 1 complains that the trial judge erred in refusing to sustain the plaintiff's motion to strike the testimony of Robert Vincent insofar as the testimony related to records prepared by his father in that there was no proper foundation laid for such testimony.

"A witness may use any written instrument for the purpose of refreshing his recollection, provided he ultimately testifies from his recollection as thus refreshed, even though he did not himself write the instrument." *Shrouder v. State,* 121 Ga. 615 (2) (49 SE 702). See *Smith v. City of Atlanta,* 22 Ga. App. 511 (4) (96 SE 334); *Woodward v. City Council of Augusta,* 117 Ga. App. 857 (162 SE2d 304). The witness did testify with regard to what the records said but after looking at them, he also testified as to what he remembered of his own knowledge. Hence, this ground is without merit.

■ Enumeration of error 2 complains of the admission, over objection, of certain testimony. There is no reference in the brief or in the enumerations of error as to the location of the page or pages of the evidence objected to. The record in this case, exclusive of exhibits, consists of 442 pages. Where there is no reference to the pages of the record or transcript essential to a consideration

of the enumeration of error, we will not engage in a fishing exhibition through uncharted waters but will consider such ground as abandoned. See *Burchfield v. Byers,* 121 Ga. App. 152 (2) (173 SE2d 230); *Hicks v. Maple Valley Corp.,* 223 Ga. 577, 578 (156 SE2d 904); *Benefield v. Benefield,* 224 Ga. 208 (5) (160 SE2d 895); *Estes v. Perkins,* 225 Ga. 268 (2) (167 SE2d 588).

■ In the third enumeration of error the plaintiff contends that the trial judge erred in overruling its objection to the defendant's testimony as to the percentage loss of the number of calves due to an increase in open days because such testimony was of a speculative nature and represented a mere expectancy on the part of the defendant. The defendant testified that after going on the B. I. R. program the average number of open days in his herd increased from 135 to 229; that this raised the calving interval from 13 months and 11 days to 16 months and 14 days; that based on 100 cows, this reduced the number of calves by 23%. It therefore appears that the statement objected to was not speculative in nature but was evidence that from the records of the witness he has a decrease in his calf crop of 23%.

■ (a) Complaint is made in enumeration of error 4 that the court erred in admitting certain testimony of an expert witness in answer to hypothetical questions. It is contended that the questions assumed that defendant's herd was placed on cystic feed which developed a condition in the cows of excess acidosis or increased the Ph factor. The plaintiff urges there is nothing to show that this assumption was true.

The record reveals that a veterinarian who treated the herd testified, as plaintiff's witness, that he never found any acid condition existing in the defendant's herd. However, there was evidence that high acidity manifested itself by inflamed areas in a cow's rumen; that, according to one witness, slaughtered cows from the defendant's herd had "places on the inside, the lining . . . , looked like it had been worn off and it would be red, angry-like . . . like there being something or other against it that was too strong for it"; that another dairyman who utilized the B. I. R. program had cows with a similar rumen condition and had similar problems with his herd; that feed such as that used in the B. I. R. program tended to cause acidity.

"Where reliance is made upon circumstantial evidence alone for proof of one of the essential facts assumed in the framing of a hypothetical question, the trior of fact may consider the answer to the question only if it has first determined that the assumed fact has been satisfactorily established." *Travelers Ins. Co. v. Hutchens,* 106 Ga. App. 631 (127 SE2d 712). There was evidence in the record sufficient to justify the testimony to which objection was interposed.

(b) Both under ground 4 and ground 5 which urge that the verdict was without evidence to support it, we are cited the rule of law enunciated in *Gem City Life Ins. Co. v. Stripling,* 176 Ga. 288, 291 (168 SE 20): "While it is true that the weight to be given to the opinion evidence of an expert is usually a question for the jury (*Rouse v. State,* 135 Ga. 227 (69 SE 180)), a mere theoretical statement of such a witness is insufficient to overthrow the positive and reasonable testimony of honest and unimpeached witnesses as to the existence of physical facts which otherwise demand a different conclusion. In such a case the facts are, as a matter of law, more convincing than theory, and as between the two there is no legitimate basis for a choice on the part of the jury." The plaintiff argues that the positive evidence given by its witness as to the absence of acidity in the defendant's herd would overcome the circumstantial evidence offered by the plaintiff. However, the testimony of the plaintiff's witness was in essence no more than an expert's opinion. So that the issue resolves itself into a dispute between experts which was properly for the jury to resolve.

"Where a civil case rests on circumstantial evidence, the circumstances proved must tend in some proximate and reasonable degree to establish the conclusion claimed, and render less probable all inconsistent conclusions." *Ladson Motor Co. v. Croft,* 212 Ga. 275, 277 (92 SE2d 103). There are facts in this case brought out by many witnesses which present a chain of circumstances that tend in a reasonable degree to establish that the plaintiff's feed and feeding program was the cause of the defendant's problems with his herd. This being true, grounds 4 and 5 of the enumerations of error are without merit.

■ At the close of the charge to the jury, counsel for the

plaintiff made the following objection: "The court should have charged that the jury, in order for the defendant to recover on his counterclaim, that they must find that the plaintiff failed in some duty that it owes to the defendant." This is the subject of ground 6 of the enumerations of error.

An exception argued in this court must be the same as that made to the charge on the trial. *Black v. Aultman,* 120 Ga. App. 826, 828 (173 SE2d 336). The judge charged that the sole question was whether the plaintiff's feeding program was defective and insufficient to properly feed the cows of the defendant and thereby caused damage to the cows of the defendant. The charge as a whole was sufficient against the objection urged. If the plaintiff desired more specificity as to the legal theories involved, a written request to charge could have been submitted.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*