## 28004. ALLEN v. THE STATE.

UNDERCOFLER, Justice. Joseph Arthur Allen was convicted of the murder of Ronald F. Webb and sentenced to life imprisonment. He appeals from that judgment. *Held:*

1. We have carefully reviewed the evidence presented in this case and find it is sufficient to support the verdict.

2. The appellant contends in his brief that the trial court erred in considering other matters foreign to the case

on trial while on the bench and presiding over this trial. He argues that the trial court signed one order which he presented and other orders during the three-day trial.

There is nothing in the record before this court to support this contention of the appellant, and the appellant has not sought to supplement the record as provided for by Code Ann. § 6-805 (f) (Ga. L. 1965, pp. 18, 24). Therefore, there is nothing for review by this court.

3. The appellant contends that the trial court erred in failing to charge the jury on voluntary and involuntary manslaughter and that the appellant should either be found guilty or not guilty of murder.

There is no merit in this contention. There is no evidence requiring such charges. This was conceded by the attorney for the appellant who stated to the trial court when his requests for charges were being considered that manslaughter was not involved in the case.

4. The trial court fully charged the jury on malice and it was not necessary that the charge be in the exact language of the Code.

5. The appellant contends that the trial court erred in permitting unnecessary and extensive examination of the witnesses, allowing counsel for the appellant and the state to drag out the trial of the case and indulge in repetitious questioning after a fact had been established.

The record does not show any such objection to the testimony of any witness which was made in the trial court. Therefore, there is nothing here for review.

6. The appellant contends that the trial court erred in directing the jury in the sentencing phase of the trial to fix the penalty at life imprisonment. There is no merit in this contention. "Life imprisonment was the only lawful sentence which could be returned by the jury in this case for this crime, under U. S. Supreme Court decisions, after finding the defendant guilty.

Compare *Furman v. Georgia,* 408 U. S. 238 (92 SC 2726, 33 LE2d 346); *Sullivan v. State,* 229 Ga. 731 (194 SE2d 410); *Scott v. State,* 230 Ga. 413." *Wilburn v. State,* 230 Ga. 675.

7. The other enumerations of error of the appellant have not been argued and are considered abandoned.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1973 — DECIDED JULY 2, 1973.

*J. Sidney Lanier,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Isaac Jenrette, Carter Goode, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, David J. Bailey, Deputy Assistant Attorney General,* for appellee.