## 49555. SMITH v. FORRESTER et al.

Webb, Judge.

1. "The burden is always on the appellant in

asserting error to show it affirmatively by the record. *Roach v. State,* 221 Ga. 783 (4) (147 SE2d 299); *Kemp v. State,* 226 Ga. 506 (2) (175 SE2d 869); *Riggins v. State,* 226 Ga. 381, 383 (174 SE2d 908); *Lott v. State,* 123 Ga. App. 781 (2) (182 SE2d 546); *Manning v. State,* 123 Ga. App. 844 (4) (182 SE2d 690). Further, injury resulting from such error must also be shown. *Smith v. State,* 224 Ga. 750 (2, 3) (164 SE2d 784); *Brooks v. State,* 125 Ga. App. 867 (3) (189 SE2d 448); *Robinson v. State,* 229 Ga. 14 (1) (189 SE2d 53)." *McKenzey v. State,* 127 Ga. App. 304 (1) (193 SE2d 226).

2. Defendant in this dispossessory warrant proceeding, representing himself on appeal, complains that although verdict and judgment were in his favor in the main action, the trial court erred in not allowing him to pursue his counterclaim as originally filed. However, he has utterly failed to demonstrate harmful, reversible error by references to the record and argument and citation of authority as required by the rules of this court. Since plaintiffs below took the position that the matters asserted in the counterclaim could not properly be adjudicated in this proceeding, and invoked a ruling to this effect, defendant is not precluded from pursuing his claims in a separate proceeding. Cf. *Willis v. Kemp,* 130 Ga. App. 758, 760, and cases cited.

*Judgment affirmed. Pannell, P. J., and Stolz, J., concur.*

Argued July 9, 1974 — Decided July 16, 1974.

James H. Smith, *pro se.*
*Greer, Sartain & Carey, J. Nathan Deal, Davis & Davidson, Jack S. Davidson,* for appellees.