## 31410. TUKES v. THE STATE.

UNDERCOFLER, Presiding Justice.
Tukes was convicted of murder. He was sentenced to life imprisonment. He appeals.
Evidence was introduced to show Carl Tukes and a companion, Ricky Burdette, on March 25, 1975, entered a U. S. Service Station on Candler Road in DeKalb County, Georgia, about 10:15 p.m. and demanded money from Ms.

Doris Rousey, an employee. She screamed and fell to the floor. James Whitten, an attendant, appeared at a rear door of the station with a handgun and Tukes shot several times, killing Whitten with a bullet in the face. The robbers fled, taking no money. Tukes met Byron Henderson on a bus about an hour later; made several incriminating statements to him and offered to sell him a pistol he was carrying. The next morning, Tukes admitted to Henderson he had killed Whitten. Henderson, an informant for the police, told them this information and that Tukes had told him if he wanted to buy the pistol, it would be at his residence or that of Ricky Burdette. A warrant was issued upon probable cause for a search of the two houses. The gun and two articles of clothing set forth in the warrant were found in Tukes' house. During trial, Tukes was positively identified by Ms. Rousey as the robber who accosted her and killed Whitten. Henderson testified for the state.

1. A careful reading of the affidavit attached to the search warrant shows there were ample facts upon which Magistrate Webb could find probable cause to issue the warrant, and enumeration No. 1 setting forth that the warrant lacked probable cause, because it was based upon insufficient information and hearsay, is without merit. *Skinner v. State,* 233 Ga. 429, 431 (211 SE2d 725) (1975); *Ward v. State,* 234 Ga. 882, 883 (218 SE2d 591) (1975).

2. Enumerations 2, 5, 6 and 10 fail because they are based upon alleged errors by the court which were not objected to or were not set forth in the transcript of trial. "This court has jurisdiction for the correction of errors" (Code Ann. § 2-3704), and "a party alleging error has the burden of showing it in the record." *Hall v. State,* 202 Ga. 619, 620 (44 SE2d 234) (1947); *Smith v. State,* 224 Ga. 750 (3) (164 SE2d 784) (1968). However, a review of appellant's contentions in these enumerations shows no reversible error.

3. Enumerations of error 3, 4, 7, 8 and 9 are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 20, 1976 — DECIDED OCTOBER 26, 1976 — REHEARING DENIED NOVEMBER 24, 1976.

*David Botts,* for appellant.

*Randall Peek, District Attorney, Madeline S. Griffin, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., John Walden, Assistant Attorneys General,* for appellee.