## 20334

The STATE, Respondent, v. Jimmy C. BROOME, Appellant.

(232 S. E. (2d) 324)

*Messrs. John A. Mason* and *John K. Grisso,* of Columbia, *for Appellant,*

*Messrs. Joseph R. Barker, Asst. Atty. Gen.,* and *Doug Truslaw, Asst. Sol.,* of Columbia, *for Respondent,*

January 4, 1977.

NESS, Justice:

Appellant was convicted of receiving stolen goods and sentenced to one year imprisonment. We affirm.

Three juveniles broke into a house and seized various items including several containers of old coins. Later that night the youths arrived at the appellant's home and sold him $80.00 in coins for $75.00 in paper money. Shortly thereafter the police apprehended the juveniles who confessed their part in the crime and implicated the appellant for buying a portion of the stolen articles. Appellant was contacted by the police and instructed to bring the coins to the police department. After a delay of several days, the appellant complied and he was subsequently arrested for receiving stolen goods.

The first exception asserts error in the introduction of testimony regarding the appellant's relinquishment of the coins to the police. The assertion is bottomed on an absence of *Miranda* warnings and a newspaper article promising immunity to those returning stolen goods. Appellant was not subjected to any custodial interrogation prior to his delivery of the coins and was therefore not entitled to any *Miranda* warnings. *U. S. v. Booth,* 399 F. Supp. 975 (D. C. S. C. 1975); *State v. Tabory,* 260 S. C. 355, 196 S. E. (2d) 111 (1973); *State v. Knight,* 258 S. C. 452, 189 S. E. (2d) 1 (1972).

Evidence of guilt induced from a person under a governmental promise of immunity generally must be excluded under the self-incrimination clause of the

Fifth Amendment. *Shotwell Manufacturing Company v. U. S.* 371 U. S. 341, 83 S. Ct. 448, 9 L. Ed. (2d) 357 (1963); *Mobley ex rel. Ross v. Meek,* 531 F. (2d) 924 (8th Cir. 1976). However, a confession is involuntary only if it is so connected with the inducement as to be a consequence of it. See *State v. Pressley,* 266 N. C. 663, 147 S. E. (2d) 33 (1966); 29 Am. Jur. (2d), Evidence, Sections 543, 544; 23 C. J. S. Criminal Law § 825. In the instant case, the police notified appellant on a Tuesday that the coins were stolen and appellant voluntarily agreed to return them to the police headquarters. The newspaper article appeared on Friday, the day appellant finally brought the coins in. Any admission on the part of the appellant as to his possession of the coins was made on Tuesday, long before the immunity was offered.

On direct examination one juvenile testified that appellant told him, "don't steal from the poor and give to the rich; steal from the rich and give to the poor." On re-direct the solicitor attempted to elicit additional statements made by the appellant. The juvenile was offered a paper on which the solicitor had recorded portions of an earlier conversation with the youth. The juvenile subsequently testified that the appellant also stated, "don't tell anybody, you know, that we made this deal tonight," and "don't tell me anything, the less I know the less I worry." Appellant asserts error in the use of the notes to prompt the additional felonious platitudes.

The juvenile indicated that he only viewed a portion of the paper: that part relating to the testimony he had previously given on direct examination. It is therefore inferable that the additional statements made were not induced or influenced by the use of the solicitor's notes. Additionally, appellant concedes that a witness may testify from his memory after reference to a memorandum even if

the memorandum was made by another person. [1] *Copeland Company v. Davis,* 125 S. C. 449, 119 S. E. 19 (1923); *Gwathmey v. Floor Hotel Company,* 121 S. C. 237, 113 S. E. 688 (1922). Furthermore, it is not objectionable for a witness to use his own prior statements for the purpose of refreshing his recollection. *U. S. v. Harris,* 409 F. (2d) 77 (4th Cir. 1969), cert. denied, *Brown v. U. S.,* 396 U. S. 965, 90 S. Ct. 443, 24 L. Ed. (2d) 430 (1969), and *Venning v. U. S.,* 396 U. S. 965, 90 S. Ct. 447, 24 L. Ed. (2d) 430 (1969). The record amply reflects that the juvenile testified from his memory independently and apart from the source of refreshment.

Appellant also urges that the trial court erred in the denial of his motion for a directed verdict and exclusion of certain testimony, and an alleged prejudicial jury argument by the solicitor. After a thorough review, we find these exceptions to be without merit.

The judgment is therefore affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

---

[1] South Carolina is in accord with the majority rule that because it is the recollection of the witness and not the memorandum that is in evidence, it is not incumbent that the refreshing material be made by the witness himself. See *U. S. v. Schwartzbaum,* 527 F. (2d) 249 (2nd Cir. 1975), cert. denied, 424 U. S. 942, 96 S. Ct. 1410, 47 L. Ed. (2d) 348 (1976); *U. S. v Conley,* 503 F (2d) 520 (8th Cir. 1974); *Morris v. State,* 228 Ga. 39, 184 S. E. (2d) 82 (1971); *Ralston Purina Company v. Hagood.* 124 Ga. App. 226, 183 S. E. (2d) 492 (1971); Annotation, 82 A.L.R. (2d) 473, 502; Wigmore on Evidence, Vol. III, §§ 758, 759 (3rd Ed. 1940); McCormick, Law of Evidence, § 9, pp. 16-17 (2d Ed. 1972).