## 31808. CARTER v. THE STATE.

HILL, Justice.

The defendant was convicted of armed robbery and three counts of aggravated assault arising from a robbery in which the victims were beaten and shot, defendant's accomplice was killed, and the defendant was wounded.

He was arrested in the immediate vicinity of the robbery, bleeding and with a victim's billfold in his pocket. Defendant waived his right to trial by jury and was tried before the judge on September 18, 1970. His motion for new trial was denied March 3, 1971, and his notice of appeal was dismissed on April 19, 1971, as untimely filed. In September, 1976, the trial court granted defendant an out-of-time appeal and appointed new counsel.

In his closing argument as to guilt, the prosecutor described the defendant's shooting of one victim and said that " . . . there has been no indication of any remorse on his part whatsoever. . ."

The defendant moved for mistrial, and now seeks a new trial, on the ground that the prosecutor commented on the defendant's failure to testify.

Defendant contends that the prosecutor's comment constituted an infringement of Code Ann. § 38-415 as well as a violation of his 5th Amendment rights. Code Ann. § 38-415 provides that "The failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure. . ." In the absence of clearly expressed legislative intention to the contrary, this court will interpret statutory statements of constitutional rights the same as their constitutional counterparts. This will avoid the necessity for separate statutory and constitutional objections by trial counsel and will avoid the development of different rules applicable to statutory versus constitutional rights. There being no clearly expressed intention by the General Assembly shown here to expand upon the privilege against self-incrimination, the statutory provision will be reviewed by the same standards as the constitutional counterpart.

Defendant contends that the remark is in violation of the 5th Amendment provision that "No person . . . shall be compelled in any criminal case to be a witness against himself. . ." In Griffin v. California, 380 U. S. 609 (85 SC 1229, 14 LE2d 106) (1965), the court found that a prosecutor's argument to the jury, that the defendant certainly knew various particulars but would not take the stand and explain or deny them, violated the amendment. In Anderson v. Nelson, 390 U. S. 523 (88 SC 1133, 20 LE2d

81) (1968), the court ruled that comment on a defendant's failure to testify cannot be labeled harmless error in a case where such comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis of conviction, and where there is evidence that could have supported an acquittal. It should be noted that the prosecutors' statements in both Griffin and Anderson were more than indirect references; they were direct observations concerning the defendant's failure to testify.

In the case before us the remark was indirect insofar as the defendant's failure to testify is concerned. If the remark were a prohibited comment, it was not extensive, no inference of guilt from silence was stressed, no jury was present, and there was virtually no evidence to support an acquittal. The remark by the prosecutor in this case, if constitutional error, was harmless, Schneble v. Florida, 405 U. S. 427 (92 SC 1056, 31 LE2d 340) (1972).

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 27, 1976 — DECIDED MARCH 2, 1977.

*Robert C. Ray,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General,* for appellee.