*Hull, Towill, Norman, Barrett & Johnson, Robert C. Norman, John L. Creson,* for appellee.

## 53407. JOHNSON v. THE STATE.

SMITH, Judge.

Willie James Johnson, appellant, was convicted of aggravated assault in the Superior Court of Clarke County. His motion for new trial on general grounds was denied. Johnson contends that the trial court's charge placed the burden of proving the defense of justification upon Johnson, that the court omitted necessary instructions from its charge, and that the court incorrectly failed to grant a mistrial after the acting district attorney made certain statements to the jury. We affirm.

1. Appellant alleges that the trial court erred in not granting a mistrial after the D. A. made certain remarks to the jury in his opening and closing arguments. During

his opening argument, the D. A. expressed the opinion that defendant was guilty. We note that, immediately following this statement of opinion, the court reprimanded the D. A. in the jury's presence and instructed the jury to ignore his opinion. In his closing argument, the D. A. informed the jury that, "It is the State's belief in this case that there is no reason for doubt, reasonable or otherwise." The court again rebuked counsel in the presence of the jury and also instructed them "to disregard the opinion of any attorney as to what has or has not been proved."

Code § 81-1009 leaves to the discretion of the trial court the decision to grant a mistrial. When, as in this case, the court immediately rebukes counsel and instructs the jury to ignore the improper comments, the denial of the motion for mistrial is not an abuse of discretion. *Moore v. State,* 228 Ga. 662, 664 (187 SE2d 277); *Walker v. State,* 132 Ga. App. 274, 275 (208 SE2d 5).

2. Appellant claims that the court's instruction to the jury placed upon him the burden of proving the defense of justification. The portion of the charge in issue is: "I charge you that if you find that the defense of justification under these rules of law has been raised by the evidence the burden of proof rests upon the State to disprove this defense beyond a reasonable doubt." Since the only burden mentioned is upon the state to disprove the defense after it has been raised by the evidence, appellant's claim is without merit.

3. Appellant complains that the judge erred in failing to charge Code §§ 26-705 (Mistake of Fact), 26-902 (Justification) and 26-903 (Defense of Home). Initially we note that the court's charge did include an almost verbatim reading of Code § 26-902 (a). Also, appellant made no specific, written requests to charge, nor did he object to the omissions, nor did he allege the omissions were erroneous in his motion for new trial. Since it cannot be said that the omissions were harmful as a matter of law and since, in view of the evidence presented, the charge as a whole did provide the jury with the proper guidelines for determining guilt or innocence, this attempt to raise the issue for the first time upon appeal presents nothing for review. *Green v. State,* 230 Ga. 756, 759 (199 SE2d 199);

*Lundy v. State,* 139 Ga. App. 536, 540 (228 SE2d 717).
*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 31, 1977 — DECIDED APRIL 5, 1977 —
REHEARING DENIED APRIL 22, 1977 —

*Guy B. Scott, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.