## 54752. STOWERS v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of possession of less than one ounce of marijuana. The testimony of the arresting officers was that they received a call from a reliable informant, whose previous tips had led to convictions, stating that he had seen appellant selling marijuana from his car at the Evergreen Club on that date. The tip included a description of the car and its license plate number. The police officers went to the location named by the informant and found appellant's car, exactly answering the description, parked and locked. Looking through the window, the officers saw, protruding from under the floormat on the driver's side, a rolled plastic bag containing a green substance. They testified that they knew, from their experience as policemen, that marijuana is usually packaged in that manner. While one officer remained at the car, the other went into the club, found appellant and asked him to return to the car. Standing by the car, they informed appellant that they had information that he was selling marijuana and that they wanted to search the car. They told appellant they did not have a search warrant and asked whether he would consent to a search or insist on a warrant. Both

officers testified that appellant said, "You are going to search the car anyway, just go ahead and search it." Before starting the search, however, the officers requested appellant to drive his car, with one of the officers as a passenger, to the courthouse. The reason given was the presence of a crowd at the Evergreen Club and the potential danger of conducting a search while surrounded by the crowd. Upon arrival at the courthouse, the officers again requested appellant's consent to search, got the same answer, searched the car, and removed the plastic bag they had seen earlier. They then informed appellant that he was under arrest. A field test showed the contents of the bag to be marijuana.

1. Appellant enumerates as error the denial of his motion to suppress, alleging that the arrest and search were unlawful. A related issue is the unavailability at trial and on this appeal of a transcript of the hearing on the motion to suppress.

A. No court reporter was available at the hearing on appellant's motion to suppress. Counsel for both sides agreed to have the proceedings recorded and the clerk was requested to supply a tape recorder. Unknown to the participants, the recorder malfunctioned and there was no way to preserve the testimony given at that hearing. Appellant's argument reveals no harm done him by the unavailability of the transcript, claiming only that its· absence prevents the state from carrying its burden of showing the search and seizure to be lawful. This argument fails for two reasons.

First, assuming the unavailability of the transcript at the trial constituted error, a showing of error without a showing of harm resulting from the error provides no cause for reversal. *Smith v. Forrester,* 132 Ga. App. 426 (1) (208 SE2d 199) and cits.; *Lynch v. State,* 143 Ga. App. 188.

Second, witnesses at the hearing on the motion to suppress also testified at the trial, at which time they were subject to cross examination. As indicated in Subdivision B, infra, we are satisfied that sufficient evidence was produced at trial to show the legality of the arrest and search.

B. Although the arresting officers testified that they did not arrest appellant until after seizing the

contraband, appellant insists that he was arrested at the time one of the officers brought him out of the Evergreen Club. We agree with appellant as to the time of his arrest, but not with his contention that the arrest was unlawful and that the subsequent search was, therefore, equally unlawful. The information received from the informant, corroborated by the officer's observations, coupled with the discovery of the plastic bag containing a green substance supplied sufficient probable cause to arrest appellant and to search the car. *Smith v. State,* 135 Ga. App. 424 (218 SE2d 133).

2. An enumeration relating to the qualification of a witness is deemed abandoned by failure to support it in the brief by argument or citation of authority. Rule 18 (c) (2), rules of the Court of Appeals, Code Ann. § 24-3618(c)(2); *Terrell v. State,* 138 Ga. App. 74 (5) (225 SE2d 470).

3. In argument to the jury, the solicitor remarked that appellant had not denied that the car in which the marijuana was found was his. Defense counsel moved for a mistrial on the ground that the solicitor had improperly commented on appellant's failure to testify. The solicitor explained that he was not talking about appellant's failure to testify at trial, but about his conversation with the officers at the time of his arrest. There had been testimony that appellant admitted at that time that the car was his. The context of the remark was a discussion of which facts the solicitor believed had been established by evidence. The court accepted the solicitor's explanation, which acceptance is tantamount to a ruling that the comment was not improper. Under these circumstances, we agree and find no error. *Mitchell v. State,* 226 Ga. 450 (4) (175 SE2d 545). But see *Spann v. State,* 126 Ga. App. 370 (2) (190 SE2d 924) (decided on basis of full bench rule, since abrogated); *Hall v. Hopper,* 234 Ga. 625 (3) (216 SE2d 839).

4. Appellant also enumerated as error the denial of his motion for a directed verdict. His argument on this point in his brief is that the state failed to make out its case in two respects: there was no evidence that the marijuana seized was other than sterilized seeds and stalks, excluded from the definition of marijuana in Code

Ann. § 79A-802 (o); there was no evidence that the marijuana was of the species Cannabis Sativa L., as opposed to some other species of marijuana.

His first contention is not borne out by the record. The police officer who seized the marijuana testified that it was a leafy substance which, when tested, showed positive for marijuana. Leaves are not excluded by the above Code section.

Appellant's second argument on this point has been raised in other cases in this court and rejected. There is no requirement that the state prove which species of marijuana is seized. *Frazier v. State,* 138 Ga. App. 640 (7) (227 SE2d 284).

5. Appellant's argument on the enumeration of error complaining of the denial of his motion for new trial was limited to incorporating by reference his arguments on the other enumerations he raised. Since we have held that those enumerations show no harmful error, this enumeration of error is without merit.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED OCTOBER 12, 1977 — DECIDED NOVEMBER 14, 1977.

*Tom Strickland,* for appellant.

*Lavender, Cunningham, Lavender & Phelps, Fred F. Cunningham, Solicitor,* for appellee.