## 55246. CREWS v. SEABOARD COAST LINE RAILROAD COMPANY et al.

BELL, Chief Judge.

Plaintiff brought this suit against defendant seeking damages for personal injuries resulting from a motor vehicle collision. At the time of the collision, plaintiff was an employee of Seaboard Coast Line Railroad, acting within the scope of his employment. Seaboard's motion to intervene as plaintiff was granted without objection. After intervention and before trial, plaintiff's attorney filed a lien for fees, pursuant to his contingent fee contract with his client. The contract provided that the attorney was to receive one third of all sums collected on behalf of his client. Plaintiff's attorney claims that a settlement of ten thousand dollars was reached. However, the record does not disclose any settlement, and the case proceeded to a trial without a jury. The case was not reported. All parties stipulated that the evidence at trial showed that intervenor plaintiff was subrogated to any right of recovery plaintiff might have against defendant for lost time benefits totaling $8,437.50. It was stipulated that intervenor plaintiff made these payments to plaintiff pursuant to Article V of the National Labor "Off-Track" Agreement. The court entered judgment for intervenor plaintiff in the sum of $8,437.50 and $1,562.50 for plaintiff. *Held:*

1. Plaintiff in his enumeration of errors alleges that the trial court "erred in the construction and interpretation of Georgia Code Ann. Sec. 9-613 (3364) (2), (3), (4) and (6) and thereby denying any sum as attorney's fees." The record on appeal fails to show any issue or ruling of this description nor has he shown any error by the record concerning what fee his attorney may be entitled under the stipulated facts. Plaintiff had the burden on appeal to show error by the record and he has not done so. *Smith v. Forrester,* 132 Ga. App. 426 (208 SE2d 199).

2. The judgment was authorized by the stipulation of the parties.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JANUARY 30, 1978 — DECIDED MARCH 16, 1978.

*Rudolph J. Chambless,* for appellant.
*Wilson G. Pedrick, Memory & Thomas, J. Floyd Thomas,* for appellees.