### 56228. SMART v. THE STATE.

WEBB, Judge.

Convicted of burglary, Steven Smart has appealed, enumerating eight alleged errors. We find no merit in any of them, and affirm.

The crime involved the theft of a TV from the Downtowner Motor Inn in Savannah, where appellant was employed as a building maintenance worker. On the day of the burglary, appellant was off duty, and had no authority to be on the premises or to enter one of the rooms. He was identified by an employee who stated that he took the TV, placed it in the trunk of an automobile, entered the car on the passenger side, and the car was then driven away. The accused denied any involvement in the theft, and stated on cross examination that he was somewhere else at the time the crime occurred.

1. It was not error for the trial court to charge the jury on the defense of alibi, and the charge was that approved in *Patterson v. State,* 233 Ga. 724 (213 SE2d 612) (1975).

2. Cross examination of the accused concerning his activities at the time of the crime was appropriate. He had taken the stand, and denied the crime. There was no objection to the questions by the state concerning his activities. There exists a right in every party to a thorough and sifting cross examination. Code Ann. § 38-1705; *Hudson v. State,* 137 Ga. App. 439, 440 (224 SE2d 48) (1976).

3. Denial of the accused's motion for a directed verdict, complained of in Enumerations 3, 4, 5 and 6, was correct. The state presented evidence on all of the essential elements of the crime of burglary, which was clear, convincing and beyond a reasonable doubt. Appellant cites *Bennett v. State,* 136 Ga. App. 806 (222 SE2d 207) (1975). In that case one of the three judges concurred in the judgment only. We consider the statement in *Selph v. State,* 142 Ga. App. 26, 28 (234 SE2d 831) (1977) as more accurately setting forth the rule, to wit: "The rule has been long established in this state that where a theft, whether by simple larceny, burglary, or robbery, is proven, that recent unexplained possession of stolen goods by the defendant creates an inference or presumption of fact sufficient to convict. This is true without *direct proof* or other circumstantial evidence that the defendant committed the theft. [Cits.]"

4. There is nothing in the record to indicate improper cross examination. Consequently, appellant's Enumeration 7 that the court erred in not granting his "motion for mistrial notwithstanding the judgment" because of improper examination, must fall.

5. Finally, the accused complains about the transcript of testimony. He made no attempt to correct the record as provided by statute or even state where he has been harmed. See Code Ann. § 6-805 (f). Consequently, there is nothing for us to review. *Allen v. State,* 230 Ga. 772 (2) (199 SE2d 246) (1973).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

Submitted July 11, 1978 — Decided September 6, 1978.

*Robert M. Ray, Jr.,* for appellant.
*Andrew J. Ryan, III, District Attorney, Joseph D. Newman, Martin S. Jackel, Assistant District Attorneys,* for appellee.