## 56683. KIRIAZE v. THE STATE.

WEBB, Judge.
George Stephen Kiriaze was indicted for violating the Georgia Controlled Substances Act. His motion to suppress evidence was heard and overruled; he waived a jury trial and was convicted and sentenced to serve five years and pay a fine of $2,000. We affirm.

1. The evidence was clearly sufficient to support the verdict. Kiriaze was apprehended by police in the process of loading 200 pounds of marijuana from a storage bin rented by him into a van owned by him.

2. The trial judge did not abuse his discretion by failing to give adequate consideration to sentencing Kiriaze under the Youthful Offender Act. He has two prior drug-related convictions, one involving a sale, and the punishment for possession of marijuana is one to ten years. Code Ann. § 79A-811(j). Nor was it error to deny his motion for resentence since he did not receive the maximum punishment under the statute.

3. Enumerations contending that the trial court erred in failing to grant appellant's motion to suppress are also without merit. The police were notified by the manager of the storage bin that several large bales of marijuana were stored in the unit rented by Kiriaze. The police were unable to determine who rented the bin, however, and did not enter it until after they staked it out and watched Kiriaze enter and leave with the marijuana. The officers had a right to be on the property, having been invited there by the manager, but they did not know upon whom to issue a search warrant. Evidence was seized only

after it was placed in Kiriaze's van.

The police officers were familiar with the packaging of large quantities of marijuana and knew what was being loaded in the van. Consequently, a crime was committed in their presence and an arrest was in order under Code Ann. § 27-207, and the subsequent seizure of the marijuana in the van was justifiable as a search pursuant to a lawful arrest. Code Ann. § 27-301. Clearly the manager's information and the officers' confirmation of it when Kiriaze arrived were sufficient probable cause to arrest him and seize the marijuana. *Lynn v. State,* 130 Ga. App. 646, 647 (2) (204 SE2d 346) (1974); *Stowers v. State,* 143 Ga. App. 859, 860 (1) (240 SE2d 227) (1977).

4. Remaining enumerations are not supported by citations or argument and must be deemed to have been abandoned under rule 18 (c) (2) of this court. *Jett v. State,* 136 Ga. App. 559, 560 (3) (222 SE2d 54) (1975).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 16, 1978 — DECIDED OCTOBER 30, 1978.

*Sliz & Rees, Charles Marchman, Jr., Jeffrey R. Sliz,* for appellant.

*M. Randall Peek, District Attorney, Alton G. Hartley, Assistant District Attorney,* for appellee.