## 57851. MARLOW v. THE STATE.

Banke, Judge.

The defendant was convicted of driving under the influence, reckless driving, and driving without a license. The state presented ample evidence to support the jury's guilty verdicts.

The defendant chose not to testify in his own behalf. In a motion hearing, which was transcribed, defendant moved for a mistrial contending the solicitor made the following impermissible comment on the defendant's failure to testify: "You can get up there, and say that I wasn't drinking, or that I didn't have enough, or I wasn't drunk, but that can't be said here today." The quoted language was supplied in the record by defendant's attorney as argument of counsel was not transcribed. It is clear from the record before us that there is no dispute of substance as to what was said by the solicitor in his argument to the jury — only its interpretation is in issue here. The solicitor concerned himself with arguing the

meaning of the words and the propriety of his argument. The trial court after listening to a tape recording felt that the words were susceptible of two possible interpretations, conceding that the statement could be construed in the way suggested by defendant's counsel. However, the trial court refused a request to give a curative instruction after denying defendant's motion for a mistrial.

In a related enumeration of error, defendant complains that the trial court's charge concerning his election to remain silent was incomplete and misleading. The trial court charged the jury that "as a matter of law ... in Georgia one accused and on trial charged with the commission of a crime may testify in his own behalf or not as he pleases." *Held:*

1. It is error for the prosecutor to comment to the jury on the defendant's exercise of his constitutional right to remain silent. Griffin v. California, 380 U. S. 609 (85 SC 1229, 14 LE2d 106); *Mitchell v. State,* 226 Ga. 450, 455 (2) (175 SE2d 545) (1970). See also Code Ann. § 38-415. It is also error for the court to deny a defendant's request for a charge that his failure to testify creates no presumption against him. *Clay v. State,* 236 Ga. 398 (224 SE2d 14) (1976). In comments made following the mistrial motion, the court conceded that the language used by the prosecutor was susceptible of the meaning urged by the defendant. We agree. To hold otherwise would encourage the use of oblique and indirect methods to erode a substantial protected right. The solicitor was simply doing indirectly what he could not do in a direct manner. Thus, we hold that the defendant was at least entitled to a curative instruction upon request.

2. It is permissible for the trial court to "charge that the jury is to 'make no assumption or draw any conclusions from the defendant's failure to testify.'" Also permissible would be a charge "that 'the defendant's failure to testify creates no presumption against him and the burden of proving the defendant's guilt beyond a reasonable doubt cannot be presumed to be carried because of the failure of the defendant to testify' ..." See *Woodard v. State,* 234 Ga. 901, 904 (7) (218 SE2d 629) (1975). The following charge had similarly been held

permissible: " '[T]he defendant in this case is not obligated under the law to make any statement in his own defense. The law provides that he may or may not make any statement in his own behalf, as he sees fit. The burden of proof being always upon the state to establish the fact of guilt or innocence. There is no presumption against the defendant by reason of his silence. The burden is upon the State to establish his guilt beyond a reasonable doubt.' " *Stapleton v. State,* 235 Ga. 513, 517 (220 SE2d 269) (1975).

The charge given by the court in this case concerning the defendant's right to remain silent was incomplete and ambiguous. Coupled as it was with the impermissible comment of the prosecutor, there is a substantial risk that the jury was given to understand that the defendant could be penalized for exercising his constitutional right to remain silent. The conviction is accordingly reversed and the case remanded for a new trial.

*Judgment reversed. Smith, Shulman, Birdsong, Underwood and Carley, JJ., concur. Deen, C. J., Quillian, P. J., and McMurray, P. J., dissent.*

SUBMITTED MAY 3, 1979 — DECIDED OCTOBER 12, 1979 — REHEARING DENIED NOVEMBER 8, 1979 —

*Colquitt P. Brackett, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.

QUILLIAN, Presiding Judge, dissenting.

1. I concur with the dissent of Presiding Judge McMurray in that we have no transcription of the argument of the solicitor and must base our decision solely upon the colloquy of counsel as to what was said or was not said. The defendant has a remedy under Code Ann. § 6-805 (d) (Ga. L. 1965, pp. 18, 24) to supplement the record as to this matter and did not avail himself of such right. This court can not correctly reconstruct the proceedings from "colloquies of counsel."

No tenet of law is more basic or sound than that which holds: " 'The burden is on him who asserts error to show it affirmatively by the record.' *Roach v. State,* 221

Ga. 783 (4) (147 SE2d 299)." *Kemp v. State,* 226 Ga. 506 (2) (175 SE2d 869). Secondly, the defendant complains about that which he does not show of record and has made no attempt to correct the record as provided by statute. There is nothing for us to review. *Smart v. State,* 147 Ga. App. 117 (5) (248 SE2d 185); *Allen v. State,* 230 Ga. 772 (2) (199 SE2d 246).

2. I regret that I can not concur with the majority's conclusion that the "trial court refused a request to give a curative instruction after denying defendant's motion for a mistrial." The Court stated: "Now what we need to do in this case, or so it seems to me, Mr. Brackett [defendant's counsel], is to have some suitable instruction to the Court and an absolute lack of any further statements by either side relative to the matter." The court further stated: "I addressed [the question] to Mr. Brackett, I told him that's what I think. Now if he doesn't want me to do it, I won't ... Mr. Brackett: Your Honor, please, with regard to your request that I approve an instruction that you're about to give and haven't given yet, I — I will stand on my earlier — earlier objection — I do not believe that a curative instruction will satisfy this because there have been — The Court: In that case I won't give it. Bring the jury back in. I'll just overrule the motion." From this discussion , I must conclude that the court offered to give the curative instruction and the defendant's counsel declined it and elected to stand on his objection. Accordingly, the issue is whether the alleged error, which was denied by the solicitor, and is unsupported by the transcript, could have been cured by proffered instructions by the court but was refused by defendant's counsel who elected to stand on an "all-or-nothing" mistrial motion.

Code Ann. § 81-1009 (Code § 81-1009) leaves to the discretion of the trial judge the decision of granting or denying a mistrial for improper remarks of counsel within the presence of the jury. If the remark alleged had been made, and I do not find it supported by the record, the trial court could have rebuked counsel, given curative instructions to the jury, and denial of the motion for mistrial would not have been an abuse of discretion. *Johnson v. State,* 142 Ga. App. 526 (1) (236 SE2d 493); *Moore v. State,* 228 Ga. 662 (4) (187 SE2d 277); *Lenear v.*

*State,* 239 Ga. 617, 621 (238 SE2d 407).

Counsel could have had curative instructions but refused to accept that remedy. He elected to stand on his motion for mistrial. Mistrial is not demanded per se for such remark which may be cured by rebuke of counsel and instructions to a jury. *Lenear v. State,* 239 Ga. 617, 621, supra. Counsel may not now complain of alleged error below where he was offered and declined corrective instructions in the trial court. *Mosley v. State,* 150 Ga. App. 802. Mistrial was not demanded under the facts of the instant case.

3. The second division of the majority opinion held: "The charge given by the court in this case concerning the defendant's right to remain silent was incomplete and ambiguous. Coupled as it was with the impermissible comment of the prosecutor, there is a substantial risk that the jury was given to understand that the defendant could be penalized for exercising his constitutional right to remain silent."

The error enumerated by the defendant was: "It was reversible error *for the trial court to comment on the failure of the defendant to testify* by giving an erroneous, incomplete charge to the jury concerning the defendant's right to remain silent." (Emphasis supplied.)

The defendant failed to provide a record citation to the objectionable "trial court . . . comment . . ." This failure to comply with our appellate practice rules constitutes abandonment of the enumeration. *Burchfield v. Byers,* 121 Ga. App. 152 (2) (173 SE2d 230). I assume the offensive "comment" was the charge that: "I instruct you as a matter of law that in Georgia one accused and on trial charged with the commission of a crime may testify in his own behalf or not, as he pleases." First — this is not a comment by the trial court on the failure of the defendant to testify. Secondly — it is a correct statement of law. Code Ann § 38-415, as amended through Ga. L. 1973, pp. 292, 294). The correct charge amounted to nothing more than advising the jury of what the defendant's rights consisted of. In *Roberts v. State,* 231 Ga. 395 (202 SE2d 43), the Supreme Court held that instructing an accused in the presence of the jury of his right to testify, or to make an unsworn statement was not reversible error in the

absence of an objection or motion for mistrial. There was no objection here, motion for mistrial, or request for any curative instructions if counsel deemed such charge a comment on defendant's silence. Later, in *Scott v. State,* 233 Ga. 815, 817 (213 SE2d 676), the Supreme Court held that an "instruction given the accused as to his unsworn statement did not constitute comment upon his failure to testify."

In *Linder v. State,* 132 Ga. App. 624 (3) (208 SE2d 630), this court held that a "charge that the defendant has the right to either testify or to remain silent, as the burden is not on him to establish his innocence, but upon the state to prove guilt . . . was violative of Code Ann. § 38-415 . . ." The Supreme Court in *Woodard v. State,* 234 Ga. 901, 905 (218 SE2d 629) expressly disapproved of the "holding that such a charge was error . . ." Accordingly, I do not find the charge to be a comment by the trial court on the silence of the defendant.

I can not concur with the statement of the majority that the charge was error because it "was imcomplete and ambiguous." Our Supreme Court, in *Spear v. State,* 230 Ga. 74 (1) (195 SE2d 397), held that "[w]hile present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury [Cit.], this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions . . ." This ruling was clarified in *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859), when the court held "where a criminal defendant fails to request a charge, or fails to object to the trial court's *omission to charge,* such failure to request or object has been decisive against him." In the instant case there was no request to charge and no objection to the charge given. If the charge given was incomplete or ambiguous he should have requested a fuller instruction. *Billups v. State,* 236 Ga. 922 (1) (225 SE2d 887). Failure to request illuminating instructions is tantamount to waiver. See *Collins v. State,* 146 Ga. App. 857, 861 (3) (247 SE2d 602).

For the foregoing reasons I respectfully dissent. I am authorized to state that Chief Judge Deen and Presiding

Judge McMurray join in this dissent.

McMURRAY, Presiding Judge, dissenting.

From my examination of the record and transcript with reference to the various enumerations of error, I find no reversible error and I would affirm the judgment.

The first enumeration of error is concerned with an objection to testimony in regard to the defendant running a red light in which the defendant moved for a mistrial. In my opinion, the trial court properly overruled the motion as the evidence was clearly admissible and relevant. Further, the sentence was not excessive with reference to the conviction of the three misdemeanors, i.e., 12 months as to Count 1, 12 months as to Count 2 to run consecutive with Count 1, and 6 months as to the third count to run consecutive with Count 2, i.e., a total of 30 months.

However, I cannot agree to the opinion by the majority as written in which it appears that two related enumerations of error are discussed in which the result is to reverse the conviction and remand the case for new trial.

During the closing argument by the solicitor objection was made that the solicitor had commented on the fact that the defendant did not take the stand and that there was no evidence presented by the defense to rebut the presumptions with reference to the blood alcohol test. Unfortunately, the argument of the solicitor was not transcribed. Hence, we have no definite information as to exactly what argument was made by the solicitor. I do not agree from the colloquy between the court and counsel that there was any admission, agreement or interpretation that the solicitor in any way violated defendant's rights in arguing the case to the jury. In reply to the objection, the solicitor did not agree that he had commented as to whether any defense was introduced, and he contends he did not argue as to whether the defendant took the stand. The prosecuting attorney can comment upon the evidence introduced and the deductions therefrom, even illogical ones. *Allanson v. State,* 144 Ga. App. 450, 454 (4) (241 SE2d 314); *Bryant v. State,* 146 Ga. App. 43 (1) (245 SE2d 333).

At the conclusion of the colloquy between the trial

court and counsel, the court offered to instruct the jury "that they should disregard any reference or any possible reference that they detected on the part of . . . [the solicitor] . . . relative to the position taken that the man was in fact guilty." However, counsel for defendant stated that he did not believe that a curative instruction would clear up the harm created by the solicitor's argument. Again, I point out that we do not have before us the actual argument made and simply cannot ascertain from the colloquy between counsel for the state, the defendant and the trial court as to exactly what this argument was. An objection to the argument which had not been transcribed cannot be considered on appeal after conviction. See *Burnett v. State,* 240 Ga. 681, 684 (1) (242 SE2d 79); *Tukes v. State,* 238 Ga. 114, 115 (2) (230 SE2d 841); *Wesley v. State,* 65 Ga. 731 (1); *Stowers v. State,* 143 Ga. App. 859, 860 (1) (240 SE2d 227); *Monroe v. State,* 88 Ga. App. 325 (1) (77 SE2d 60).

In *Clay v. State,* 236 Ga. 398 (224 SE2d 14) the Supreme Court reversed the trial court in failing to charge after written request that the defendant's failure to testify in his own favor shall not create a presumption against him. Such a charge was also approved in *Woodard v. State,* 234 Ga. 901, 903 (7) (218 SE2d 629). But here there was no written request to charge as was the case in *Clay v. State,* 236 Ga. 398, supra, and as approved in *Woodard v. State,* 234 Ga. 901, 903 (7), supra, and *Stapleton v. State,* 235 Ga. 513, 517 (2) (220 SE2d 269).

Under the circumstances of this case, I cannot agree that without a written request to charge that the charge as given by the court that as a matter of law the defendant when charged with commission of a crime may testify in his own behalf or not as he pleases was incomplete and ambiguous when considered with reference to the objection to the unknown argument of the solicitor which was not here transcribed. Under the circumstances I cannot say that "the jury was given to understand that the defendant could be penalized for exercising his constitutional right to remain silent." If there was any harm it has not been shown by the record, and I cannot agree with the majority here that the charge as given was incomplete and ambiguous. *Carter v. State,* 238 Ga. 446

(233 SE2d 201).

I, therefore, respectfully dissent.

I am authorized to state that Chief Judge Deen and Presiding Judge Quillian join in this dissent.