### 11830.   SHEFFIELD *v.* THE STATE.

A conviction of larceny was authorized by evidence from which it appeared that the defendant dissuaded a finder of money from returning it to its owner, whom they knew, and borrowed a part of the money from the finder.

The charge of the court as to the effect of proof of good character of the defendant was not subject to the exceptions taken.

DECIDED DECEMBER 16, 1920.

Accusation of larceny; from city court of Sylvester — Judge Monk.   August 17, 1920.

*J. J. Forehand, W. R. Sumner,* for plaintiff in error.

*Clyde Forehand, solicitor,* contra.

LUKE, J. 1. All exceptions relating to the evidence in this case present the single contention that the evidence is not sufficient to sustain the verdict; and, it appearing from the evidence that while Ford and his wife were working as tenants on a place rented by the defendant from one Sutton, Ford's wife found and turned over to him a pocket-book containing $85, which Sutton had lost and which they knew was his property, that Ford had started to return the lost property to its owner, when the defendant met him, and, upon being fully apprised by Ford as to the ownership of the property and of his intended mission to return it to Sutton, persuaded him to keep the lost articles and to let him (the defendant) have $40 of the money, upon his promise that he would protect him and return to him the $40 later, with 10% interest, that the defendant never returned any of the money to either Ford or Sutton, that Ford kept and used the remainder, and that the pocket-book was afterwards destroyed by the defendant, the evidence amply sustained the verdict of guilty of simple larceny. Penal Code (1910), § 152; *Love* v. *State,* 9 *Ga. App.* 874 (72 S. E. 433); *Flemister* v. *State,* 121 *Ga.* 146 (48 S. E. 910); *Slaughter* v. *State,* 113 *Ga.* 284 (1) (38 S. E. 854, 84 Am. St. Rep. 242).

2. The judge's charge that, "If the defendant puts his character in issue before you and submits to you proof of his good character (which I charge you he has a right to do; and proof of good character may of itself be sufficient to raise the reasonable doubt of the law), yet I charge you that if his guilt is made to appear to your satisfaction and beyond a reasonable doubt, you would be authorized to convict him, regardless of his alleged good character," is not error for failing to state that proof of good character may of itself generate a doubt in the minds of the jury which may alone authorize an acquittal. *Johnson* v. *State,* 21 *Ga. App.* 497 (4) (94 S. E. 630), and cases cited. Nor is the latter part of the above excerpt from the charge of the court "in effect an expression of opinion of defendant's guilt."

3. For no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*