## 53372. GILL v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was tried and convicted for fraud in obtaining public assistance and food stamps. Code Ann. § 99-9904 (Ga. L. 1965, pp. 385, 391; 1973, pp. 183, 184). The crime was alleged to have occurred between May and August 1974. The defendant was sentenced to serve 3 years on probation; to pay restitution in the amount of $734; to pay a fine of $300. Appeal followed.

Counsel for defendant contends that the evidence was insufficient as a matter of law to support the verdict and the judgment entered thereon. *Held:*

In this case the defendant was charged with a fraudulent failure to disclose information resulting in obtaining a larger amount of public assistance and food stamp allotment than that to which the defendant was entitled. See Code Ann. § 99-9904.

The defendant was not charged with obtaining any particular sum and the jury found simply that the defendant was guilty as charged. The evidence was sufficient to show a violation in some amount.

The principal argument made to this court is that the

evidence failed to show the value of the assistance obtained exceeded $500 so as to authorize a felony sentence. Code Ann. § 99-9904.

As both this court and the Supreme Court have held in applying analogous statutory provisions: the offense consists in the violation of the statutory provision, the amount involved applies only to punishment. *Mack v. Ricketts,* 236 Ga. 86 (222 SE2d 337); *Stinnett v. State,* 132 Ga. App. 261 (208 SE2d 16); *Latimer v. State,* 134 Ga. App. 372, 374 (214 SE2d 390). Thus, one can be convicted by alleging the general terms of the statute and by showing that some amount of value was fraudulently obtained. However, that does not mean that a felony conviction is authorized. For, the proof must show that the limit in question (here $500) was exceeded. See *Abbott v. State,* 130 Ga. App. 891, 892 (205 SE2d 14); *Dent v. State,* 136 Ga. App. 366 (1) (221 SE2d 228).

In the case sub judice the father of the family had supposedly left home. In fact there was evidence showing that he was not gone for some period of time. His salary was crucial to a determination of how much would have been received if he had been reported as having returned to the family circle. The proof offered, at best, only established his salary from May 27, 1974 through July of that year. Thus, only about 2 months could be computed as to what was received and what should have been received. This would amount to an overpayment of assistance amounting to approximately $258 and of food stamps amounting to $56. Hence, the jury could not have convicted the defendant for a felony.

Even if it were proper for additional evidence of the amount to be considered by the trial judge in assessing punishment under Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) (permitting additional evidence in aggravation of punishment), then it was incumbent on the state to have made known to the defendant, prior to the trial, such evidence. This was not done and it could not be considered by the trial judge.

The judgment is reversed with direction that the trial judge enter misdemeanor punishment.

*Judgment reversed with direction. Smith and Shulman, JJ., concur.*

SUBMITTED FEBRUARY 3, 1977 — DECIDED APRIL 5, 1977.

*Boling & Neville, Richard Neville, Larry H. Boling,* for appellant.

*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.