### 53603, 53604. HASKINS et al. v. JONES; and vice versa.

SHULMAN, Judge.

Appellee/cross appellant (hereinafter appellee) brought suit against appellants/cross appellees (hereinafter appellants) for rent under a lease agreement. This appeal and cross appeal are from an order granting partial summary judgment to appellee.

1. Appellee argues most persuasively that appellants have abandoned four of the six subparts of their single enumeration of error. In support of this argument he cites *O'Kelley v. Hayes,* 132 Ga. App. 134 (207 SE2d 641), where Judge Stolz held that a ". . .mere statement of what occurred during the trial, and the contentions of the appellant, does not constitute an argument in support of such contentions; . . . The failure to support the enumerated errors by citation of authority or argument either in the brief or in oral argument, constitutes an abandonment of such enumerated errors, . . ."

"Argument" is defined as "a reason given in proof or rebuttal," or "a coherent series of reasons offered." Webster's New Collegiate Dictionary (1976). Clearly, the central element in those definitions is "reason." The function of argument in a brief is to supply the reason why the court should support the contentions of that party. In the instant case, appellants have stated what they *feel* the result of the case *should* be but have not supplied the reason. By the rules of this court, those portions of their enumeration of error which are unsupported by argument or citation of authority must be deemed abandoned. Code Ann. § 24-3618 (a) (3). Accordingly, there remain for consideration only two of the six points appellants have attempted to raise and the two points raised by appellee in his cross appeal.

2. Appellants have objected to that portion of the partial summary judgment order which held that appellee did not release appellants from the original lease by substituting subtenants in their stead. They base their claim of substitution and release on an alleged oral agreement by appellee to release them and on the case of

*Braswell v. Shurling,* 87 Ga. App. 774 (75 SE2d 213), which held that a contract of substitution may be express or implied. Unfortunately for appellants, there was a clause in each sublease expressly providing that appellants were not released from their obligations under the original lease. These subleases were executed after the date on which it is alleged that appellee orally agreed to release them. Their complaint on that ground is without merit in view of their subsequent acceptance of such a contractual provision.

3. Both sides of this case have attacked the initial holding of the partial summary judgment order. That portion of the order declared that appellee is entitled to rent in a specified amount from a particular date to the date on which appellee re-let the premises, if it is found by a jury that appellee did re-let the premises.

A. Appellee's objection to this provision is that it improperly restricts his recovery. He sought rent for the remaining period of the lease. The lease provided, however, that one of appellee's options in the event of default by appellants was to re-let the premises for the account of appellants. If, therefore, appellees installed a new tenant after appellants' departure, but before the expiration of the lease, the rent received would be for the account of appellants. To the extent such rent equaled or exceeded the rent due from appellants, they would not be liable for rent due during that period.

Subsequent to the summary judgment hearing but before the judge's order was rendered, appellants amended their pleadings to allege the re-renting on a certain date of the premises involved. Appellee contends that a consideration of the amendment deprived him of his right to have a judgment rendered "forthwith" upon his showing at the summary judgment hearing that there was no issue of fact to be tried by a jury. Code Ann. § 81A-156.

This issue is controlled by the decision of this court in *Rushing v. Ellis,* 124 Ga. App. 621 (1) (184 SE2d 667), in which it was held that amended pleadings filed after the summary judgment hearing but before the rendition of the judge's order are to be considered in passing on the motion for summary judgment.

B. Appellants' attack on the liability portion of the order is more soundly based. One defense raised by appellants was that appellee breached the lease by constructing additional buildings at the shopping center where the leased premises are located. They contend the new buildings restrict access to the shopping center and block the leased premises from view from an adjacent street. These allegations were supported by appellant Haskins' testimony in deposition that the original plans of the shopping center, shown to him before execution of the lease, did not show the additional buildings. Appellee countered by an affidavit stating that the original plans and all subsequent plans reserved the space where the additional buildings were constructed for just such a purpose. Appellee did not, however, pierce the allegations in appellants' pleadings that the additional construction rendered the premises less accessible. This posture of the pleadings presented questions of fact for a jury. That they are issues of material fact is obvious since the acts of appellee, if they were such as to "deprive [appellants] of the enjoyment [of the tenant] by changing the situation in such a material way as practically to make the tenement unfit for use. . .," would relieve appellants of liability for rent on those premises. *Darnell v. Columbus Show-Case Co.,* 129 Ga. 62, 65 (58 SE 631). Since there remain questions of fact, the resolution of which may affect the liability of appellants, the order is incorrect insofar as it provides for liability without condition. The order must be modified to make the liability of appellants conditional upon a finding by the jury in favor of appellee on the issue of reduced accessibility.

4. Because of our holding that the issue of reduced accessibility remains a question of fact for the jury, appellee's contention in his cross appeal that the issue should have been decided on motion for summary judgment is without merit.

*Judgment affirmed with direction. Quillian, P. J., and Banke, J., concur.*

ARGUED MARCH 8, 1977 — DECIDED
APRIL 29, 1977.

*Raley, Dozier & Exum, L. Z. Dozier,* for appellants.
*J. Sewell Elliott, Jr.,* for appellee.