## 53737. EMMONS v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of aggravated assault with a deadly weapon.

The evidence adduced by the state showed that defendant shot the victim at close range with a shotgun. The defendant while testifying in his own behalf admitted that he shot the victim but that he did so in self-defense. *Held:*

1. The trial court in a preliminary instruction informed the jury that defendant was accused of aggravated assault with a deadly weapon. Then the court charged the jury ". . . a person commits aggravated assault, when he assaults (a) intent to murder, rape or rob; or, (b) with a deadly weapon. I charge you further that intent to kill is a material element of aggravated assault, as charged in this case." Defendant contends that by this

charge the court committed reversible error on three grounds. They are: one, that the court failed to charge on the elements of the crime in the indictment, aggravated assault with a deadly weapon; two, that the court failed to define what constitutes an assault, the first element of the offense; and three, that it charged on a separate crime not charged in the indictment, assault with intent to murder. None of these claims of error requires reversal.

(a) The trial court made it clear that defendant was accused in the indictment of aggravated assault with a deadly weapon. The court charged the jury in substantially the same language as found in Code § 26-1302, the statutory definition of aggravated assault, which included the essential elements of the crime charged, viz. an assault with a deadly weapon. While the charge did not include the other means of committing this offense, in view of the clear instruction as to the alleged crime charged in the indictment, this could not have confused the jury.

(b) The trial court did erroneously charge that an intent to kill was an element of the crime of assault with a deadly weapon. An intent to kill is not an element of aggravated assault with a deadly weapon. Code § 26-1302 (b). However, this error enured to the benefit of defendant for it imposed a higher burden of proof on the state.

(c) In *Smith v. State,* 140 Ga. App. 395 (231 SE2d 143) we made the statement that the term assault should be defined by the court in terms of the statutory definition of simple assault (Code § 26-1301) when charging on the essential elements of aggravated assault. Here the court did not so define. Although this was error, this failure could only be harmless error as it could not conceivably have affected the result. Here the defendant admitted shooting the victim at close range, claiming only that he was acting in self-defense. Thus, the jury was presented with either accepting the defendant's version and acquitting him, or rejecting it and convicting him.

2. Any error in granting the state the right to make the closing argument at the pre-sentence hearing was waived by the defendant's failure to object.

3. The evidence authorized the conviction.

*Judgment affirmed. McMurray and Smith, JJ.,*

*concur.*

SUBMITTED APRIL 4, 1977 — DECIDED JUNE 14, 1977.

*Ken Gordon,* for appellant.
*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.