## 55026. ROCKDALE AWNING & IRON COMPANY, INC. v. SHEPPARD.

BIRDSONG, Judge.

Rockdale Awning & Iron Co. (Rockdale) brought suit against Ralph A. Sheppard, Jr. (Sheppard), alleging, in Count 1, an account indebtedness and, in Court 2, an unpaid note due and owing. Rockdale appeals the trial court's direction of a verdict, as to both counts, in favor of Sheppard. *Held:*

1. The evidence shows that Rockdale furnished building supplies on open account to a firm duly incorporated in Georgia as "Fisher-Sheppard Walls, Inc.," and registered under the trademark "Sheppard Builders." The account was carried in the name of Sheppard Builders, the president of which, at all times pertinent, was the appellee, Sheppard. When the account became delinquent, in the amount of $14,273.07, Sheppard personally executed a note, payable to Rockdale, for that amount.

2. "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom shall demand a particular verdict, such verdict shall be directed." Code Ann. § 81A-150 (a). " 'In order for the direction of a verdict to be error, it must appear that there was some evidence, together with all reasonable deductions and inferences from it, to support the contentions of the [appellant].' [Cit.]" *White v. Woods,* 135 Ga. App. 618 (218 SE2d 322).

Absolutely no evidence was presented which would create a jury question as to whether Sheppard held himself out as personally or individually liable for the goods supplied by Rockdale to Sheppard Builders. Accordingly, the direction of a verdict in favor of Sheppard as to the account indebtedness was not error. *White v. Woods,* supra.

3. Appellant's contention that a jury question exists as to "whether or not the subject matter was an account stated between the parties" is supported by neither argument nor citation of authority and is therefore deemed abandoned. *Haskins v. Jones,* 142 Ga. App. 153 (235 SE2d 630).

4. As to Sheppard's indebtedness on the note, ". . .the evidence shows that there is a genuine issue of material fact as to the pleaded defense of lack of consideration and whether the note was executed in payment of or as security for an antecedent obligation of a third party for which no consideration is necessary. See Code Ann. § 109A-3—408." *Air Service Co. v. Lovett,* 129 Ga. App. 185 (198 SE2d 910). See *Beazley v. Ga. R. Bank &c. Co.,* 144 Ga. App. 215 (241 SE2d 39). Therefore, the direction of a verdict in favor of Sheppard as to the note was error.

*Judgment affirmed in part, reversed in part. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 16, 1978 — DECIDED MARCH 14, 1978 — REHEARING DENIED MARCH 31, 1978 — CERT. APPLIED FOR.

*Rich, Bass, Kidd, Witcher & Billington, Casper Rich, Barry E. Billington,* for appellant.

*Ernest J. Nelson, Jr.,* for appellee.