## 56388. PETERKIN v. THE STATE.

SMITH, Judge.

Peterkin appeals from his convictions of robbery, aggravated assault and theft by taking. We affirm the convictions of robbery and aggravated assault and affirm with direction the conviction of theft by taking.

On August 19, 1977, Investigator Maxson of the Fugitive Division of the DeKalb County Sheriff's Department received a call from a woman identifying herself as Mrs. Colleen Austin. Mrs. Austin reported to Maxson that her husband, appellant Joseph Eugene Peterkin, was wanted by Prince George County, Maryland, criminal authorities for his having there committed the crimes of burglary, forgery and escape. Mrs. Austin stated to Maxson that Peterkin had fled from Maryland to 69 Eastwyck Road, Decatur, where he now resided, that he had assumed the alias of Philip J. Austin, and that he claimed his birth date to be December 25, 1948. She described her husband, with whom she had recently been having marital difficulties, as a black man with "close cut" hair and a mustache. She further reported that he was about 5'8" tall and 180 pounds, that his actual date of birth was March 25, 1950, and that he owned a 1972 Buick station wagon with wood grain sides.

Maxson began his investigation by making a

"routine inquiry" on the National Crime Information computer, a printout from which verified that Maryland authorities wanted a criminal named Joseph E. Peterkin, with a birth date of March 25, 1950, and with physical characteristics coinciding with Mrs. Austin's description of her husband. Maxson then telephoned Prince George County, Maryland, and an officer there informed him that Peterkin was "still wanted" on charges of "breaking and entering, felony" and "escape, felony."

Maxson and his partner, Edwards, proceeded to the Decatur address and, within minutes, appellant arrived driving a 1972 Buick station wagon with wood grain sides. The investigators and appellant stepped out of their cars, and, after noting that appellant matched the physical description they had been given, the two investigators approached the appellant, identified themselves, and asked him for identification. Appellant produced a driver's license in the name of Philip J. Austin. The licensee's date of birth was recorded as December 25, 1948. At that point Maxson, although without an arrest warrant, placed appellant under arrest on the charge that he was a fugitive from justice. Appellant protested that they had the wrong man, that his name was Austin, whereupon Maxson informed him that they knew his real name was Peterkin. The appellant "went into a fighting rage" and knocked Maxson down. In the ensuing struggle the three people fell to the ground, and Maxson's revolver was knocked from his holster onto the ground. Appellant then removed Edwards' revolver from its holster, stuck it into Edwards' ribs and threatened to kill him if they didn't release him (appellant). The investigators released appellant, and he retrieved Maxson's revolver. Appellant cocked the hammers on the guns, marched the two investigators at gunpoint into the basement of his nearby apartment and locked them in. When the two later escaped, their revolvers and three items which had been in their car, a pair of handcuffs, a pair of binoculars, and a walkie talkie, were missing. Appellant was taken into custody on August 20, 1977. All the missing items were found in his possession. He was subsequently convicted of the aggravated assault of Edwards, of the robbery by sudden snatching of Edwards' revolver, and of the theft by

taking of Maxson's revolver, the binoculars, the handcuffs and the walkie talkie.

1. We agree with appellant's contention that the trial court erred in failing to instruct the jury on the simple assault element (Code § 26-1301) of aggravated assault (Code § 26-1302). *Smith v. State,* 140 Ga. App. 395 (231 SE2d 143) (1976). However, under the facts of the case before us, we believe that the error was harmless in that it is highly probable that the error did not contribute to the judgment. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976). In his testimony appellant admitted that he pushed a revolver into Edwards' ribs and told him to "freeze." Edwards complied. Appellant further testified that, with the guns trained on them, he marched the two investigators into the apartment. The substance of appellant's trial defense was that his actions were justifiable resistance to an unlawful warrantless arrest. Whether appellant's conduct constituted a simple assault was never a matter in controversy in the trial court, and the evidence adduced at trial was conclusive that appellant's acts were a simple assault under Code § 26-1301 (b). The trial court's failure to charge on the subject cannot be said to have been harmful error. *Emmons v. State,* 142 Ga. App. 553 (236 SE2d 536) (1977).

2. Appellant contends the trial court erroneously omitted to instruct the jury that, if they determined he had only intended temporarily to deprive Edwards of his gun, they could not convict him of robbery. We find no reversible error. The court adequately charged on the issue of mens rea, the court having instructed, inter alia, that the intent to commit theft was an essential element of robbery. Furthermore, appellant did not request a charge on the subject matter of this enumeration of error, and he objected to certain omissions from the charge but did not object on the basis of the contention here raised. See *Hill v. State,* 237 Ga. 523 (3) (228 SE2d 898) (1976) and *Gaines v. State,* 239 Ga. 98 (3) (236 SE2d 55) (1977).

3. Contrary to appellant's contention, the evidence did authorize a finding that appellant intended to steal Edwards' revolver.

4. Appellant contends the convictions cannot stand because the evidence showed his conduct was justified as a

defense to an unlawful warrantless arrest. See *Holmes v. State,* 5 Ga. App. 166 (62 SE 716) (1908). We disagree, as the evidence proved the arrest was lawful. "While, under Code § 26-207, a lawful arrest without a warrant can be made by an officer only in three instances, (1) if the offense is committed in his presence; or (2) the offender is endeavoring to escape; or (3) if for other cause there is likely to be a failure of justice for want of an officer to issue a warrant — the General Assembly by the enactment of the Uniform Criminal Extradition Act (Ga. L. 1951, p. 726; Code, Ann. Supp., § 44-414), made provision for another instance in which an arrest without a warrant might be lawfully made, it being there provided: 'The arrest of a person may be lawfully made also by any peace officer . . . without a warrant upon reasonable information that the accused stands charged in the courts of a State with a crime punishable by death or imprisonment for a term exceeding one year.' " *Fields v. State,* 211 Ga. 335, 337 (85 SE2d 753) (1955).

5. The items appellant stole were introduced into evidence, but no evidence was presented as to their value. The state having failed to prove that the stolen items had a value of more than $100, appellant's sentence for felonious theft by taking was unwarranted. *Gill v. State,* 141 Ga. App. 823 (234 SE2d 665) (1977); *Dent v. State,* 136 Ga. App. 366 (1) (221 SE2d 228) (1975). Appellant's conviction for theft by taking is affirmed on the condition that the sentence on that conviction be for a misdemeanor. Code § 26-1812 (a).

*Judgment affirmed with direction. Deen, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 12, 1978 — DECIDED OCTOBER 5, 1978.

*Gignilliat, Manchel, Johnson & Wiggins, Howard J. Manchel,* for appellant.

*M. Randall Peek, District Attorney, Alton G. Hartley, Assistant District Attorney,* for appellee.