## 57397. WHITEHEAD v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for armed robbery and aggravated assault. *Held:*

1. The evidence was sufficient to sustain the verdict.

2. Under the circumstances here, it was within the trial judge's discretion as to whether the defendant and a co-indictee would be tried separately. Code Ann. § 27-2101 (Code § 27-2101; as amended through Ga. L. 1972, pp. 618-619). The denial of defendant's motion for severance was not an abuse of discretion in the absence of a clear showing of prejudice. *Birge v. State,* 143 Ga. App. 632, 634 (3) (239 SE2d 395).

3. Testimony of a police officer on cross examination that he knew the defendant previously did not place the defendant's character in evidence. *Campbell v. State,* 147 Ga. App. 554 (4) (249 SE2d 356); *Creamer v. State,* 229 Ga. 704, 708 (194 SE2d 73); *Ogles v. State,* 238 Ga. 716 (235 SE2d 384).

4. It is urged that the court erred in failing to define "assault" in the charge to the jury.

We held in *Smith v. State,* 140 Ga. App. 395, 396 (231 SE2d 143) "in every case of aggravated assault the

essential element of simple assault must be stated in defining aggravated assault." However, in *Peterkin v. State,* 147 Ga. App. 437, 439 (249 SE2d 152) it was pointed out that while it is error to fail to charge on assault, such error was harmless where it was highly probable the error did not contribute to the judgment. In that case, as in the case sub judice, "[w]hether appellant's conduct constituted a simple assault was never a matter in controversy in the trial court." No basis for reversal was shown.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED MARCH 12, 1979 — DECIDED APRIL 9, 1979 — REHEARING DENIED MAY 3, 1979 — 

*Robert M. Coker,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.