## 59142. WILKIE v. THE STATE.

BIRDSONG, Judge.

Wilkie was indicted for aggravated assault against Lanny Robert Logan. Wilkie waived arraignment and pled not guilty, and after a mistrial in December, 1977, was tried and convicted in March, 1979. Wilkie appeals and enumerates twelve errors of law below. *Held:*

1. Enumerations of Error 1, 3, 5, and 6 are abandoned by appellant, for failure to support by argument or citation of authority. Rule 15 (c) (2), Court of Appeals; Code Ann. § 24-3615 (c) (2); *Kiriaze v. State,* 147 Ga. App. 832, 833 (250 SE2d 568); *Morris v. State,* 147 Ga. App. 595 (249 SE2d 668); and see *Pierce v. State,* 243 Ga. 454, 455 (254 SE2d 838). A mere statement of what occurred at trial, and the contentions of the appellant, does not constitute an argument in support of such contentions. *Haskins v. Jones,* 142 Ga. App. 153 (235 SE2d 630). An argument, in terms of legal brief, is defined as "a reason *given in proof* or rebuttal," (emphasis supplied) (*Haskins,* supra). A mere restatement of the enumeration of error or a restatement of the legal

contention is not argument which will supply the reason why the court should support the contentions of the party (*Haskins,* supra); and this is so because except in the most unusual of analytic circumstances a legal contention will not prove itself.

2. In Enumeration 2, appellant contends the trial court erred in permitting the use of a portion of the transcript of the prior trial, because the transcript was not certified by the judge who had presided at the prior trial and because appellant never agreed to its authenticity. At trial, the evidence was denied admission at appellant's request, and the jury was instructed to disregard it. No motion for mistrial was made on the basis of prejudicial error. Appellant has not alleged or argued that the testimony itself was harmful or prejudicial to his case or that the court's effort to remove it from the jury's consideration was insufficient; but if it had been, it was the appellant's duty to move for mistrial. *Bennett v. State,* 153 Ga. App. 21; *Bass v. State,* 152 Ga. 415 (110 SE 237); *Rhodes v. Rogers,* 134 Ga. 551 (68 SE 323).

3. Appellant urges that a witness for the state was not properly qualified as expert, because the state never established that the witness was a licensed physician or a member of any medical society or association. The witness did testify as to his medical education and professional experience as a surgeon performing approximately 16,000 operations. Over objection, the trial court ruled him qualified as an expert; the appellant never took the witness on voir dire, or cross examined him as to expert qualification, although the trial court specifically gave him that opportunity. The question of qualification as expert witness is one of discretion with the trial court judge (Code § 38-1601; *Johnson v. State,* 130 Ga. App. 704 (204 SE2d 302)), and he did not abuse that discretion in this case. Appellant has cited no authority for his novel proposition that the state must prove the witness to be a licensed physician; in any case, appellant did not show that the witness was not a licensed physician, and since the witness had performed 16,000 operations, we think it may be presumed that he was.

4. As to enumeration of error no. 5, appellant argues, without supporting authority, that the trial court erred in

permitting over objection a reference by the state in closing argument to a "locking device" on a certain knife which had been identified but not formally offered for admission into evidence, which reference implied that the victim could not have used the knife although he had testified that he had it in his hand. The trial court did not err in permitting the reference. Both attorneys handled the knife in the presence of the jury; appellant's attorney opened and closed it several times during his examination of the witness; and during his closing argument, he referred to the knife and waved it about while commenting that it might have cut the appellant's entrails out. It is not a proper objection that the knife had not been formally introduced and admitted, because obviously the appellant considered it part of the evidence, and used it as such, and the trial judge specifically stated that he considered it part of the evidence. *Clayton v. State,* 149 Ga. App. 374, 375 (254 SE2d 495); *Pierce v. State,* 147 Ga. App. 529, 530 (249 SE2d 338). Any objection to the knife itself as evidence in the case was therefore waived. The specific objection at trial was what we have just ruled on, that the knife had not been introduced and admitted into evidence; no clear objection was made concerning the reference to the "locking device" and therefore we cannot consider it on appeal. *Ridley v. State,* 141 Ga. App. 854, 855 (234 SE2d 688). The appellant did not object to further reference to the "locking device," so as to make plain any intention on his part to object to reference to that mechanism. Appellant failed to move for mistrial, which he should have done if he deemed the reference to be error that was prejudicial; he therefore cannot complain that it was harmful and prejudicial. *Bass v. State,* supra; *Bennett v. State,* supra.

5. Error is ascribed to the charge: "The acts of a person of sound mind and discretion are presumed to be the product of the person's will and he is presumed to intend the natural and probable consequences of his acts, but these presumptions or a fact [sic] may be rebutted by other facts, circumstances, conduct, statements, demeanor, motive or evidence before you."

The judge immediately thereafter charged: "A person will not be presumed to act with criminal

intention, but the trier of the facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." *Skrine v. State,* 244 Ga. 520 (260 SE2d 900). We find this charge to be without error.

6. Appellant urges that the trial court's charge on good character is not a sound principle of law and was harmful and prejudicial to the appellant. The court charged "good character may constitute a substantive defense and may create a reasonable doubt of the guilt of the accused . . . However, proof of good character does not mean that you should acquit the defendant . . . if you find the state has proven the defendant guilty beyond a reasonable doubt . . ." We find no harmful error. If guilt is proven beyond a reasonable doubt, then conviction is authorized regardless of the defendant's good character and hence the latter statement in the charge is a correct proposition of law. See *Sheffield v. State,* 26 Ga. App. 72, 73 (105 SE 376). The charge states that "good character may constitute a substantive defense," which is error (see *David v. State,* 143 Ga. App. 500, 501 (238 SE2d 557)) but this operated to the appellant's benefit, and not to his detriment.

7. It is contended that the trial court erred in its recharge on aggravated assault, defense to a crime, and intent; by failing to also recharge all elements of defense including accident, misfortune, and not guilty; and by failing to charge the elements of assault. Neither argument nor citation of law is offered to support any of these contentions except the court's failure to charge simple assault in the recharge, and therefore the remainder of the enumeration is abandoned (Division 1, supra). Appellant offers no legal authority but argues only that the failure to explain simple assault to the jury created an inference that the offense of assault had been proved by the state, and left a void as to what constitutes an assault. The evidence in the case is undisputed that appellant used a .22 caliber gun and the shot wounded the victim in the heart; therefore, there was no question of simple assault in the case. It is said in *Smith v. State,* 140 Ga. App. 395, 396 (231 SE2d 143) that "in every case of

aggravated assault the essential element of simple assault must be stated in defining aggravated assault." But in *Riner v. State,* 147 Ga. App. 707, 708-709 (250 SE2d 161), *Peterkin v. State,* 147 Ga. App. 437, 439 (249 SE2d 152), and again in *Whitehead v. State,* 149 Ga. App. 774 (256 SE2d 50), we said that where there is no question of simple assault in the evidence, the failure to charge simple assault in explanation of the elements of aggravated assault is harmless error because it is highly probable the error does not contribute to the judgment.

8. Appellant urges that the trial court's failure to charge as to misfortune or accident (a lawful act done in a lawful manner) was error. The appellant admitted that he fired a warning shot which ricocheted off the ground and hit the victim. Though we do not concede that the failure to give the charge was error (see *Moody v. State,* 244 Ga. 247, 248 (260 SE2d 11)), assuming that it was, we find no harm. The jury was fully charged that in order to convict it must find criminal intent to commit the crime alleged; having found appellant guilty of aggravated assault, the jury must have chosen to disbelieve the appellant's testimony, therefore could not have found misfortune or accident in the case. *DeBerry v. State,* 241 Ga. 204, 205 (243 SE2d 864).

9. Nor was it error to refuse to charge: "Proof of violent and turbulent character is admissible only when it is shown prima facie that the victim was the assailant and . . . the defendant was honestly seeking to defend himself . . . The testimony of the defendant that the victim was the aggressor at the time he shot him was sufficient to permit evidence of the violent and turbulent character of the victim." Besides seeking to advise the jury of technical evidentiary rules which form no basis for their consideration, the requested charge in effect instructs the jury that the defendant had shown prima facie that he was honestly seeking to defend himself. Such instruction would be argumentative and would invade the province of the jury; therefore, it would have been highly improper to give it.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED FEBRUARY 26, 1980.

*William P. Holley, Jr.,* for appellant.

*Thomas J. Charron, District Attorney, Amy Hembree, Assistant District Attorney,* for appellee.