## 63396. BROWN v. THE STATE.

Banke, Judge.

The defendant was charged with kidnapping a 13-year-old boy from behind a school building and committing aggravated sodomy. He was acquitted of kidnapping but convicted of the aggravated sodomy charge. This appeal is from the denial of his motion for new trial. *Held:*

1. The trial court did not err in allowing a physician who had examined the child after the incident to testify that there were indications that the child's rectal area had been penetrated. Defense counsel objected to this testimony on the ground that the state had not provided him with a copy of a written report prepared by the witness in compliance with his written request made pursuant to Code Ann. § 27-1303 for copies of all scientific reports in the state's possession. However, it appears that the state in fact made a copy of the report available and that counsel refused to accept it because the physician's handwriting was illegible. Although on one occasion prior to trial the physician refused to talk to defense counsel, the state's attorney subsequently told her that she was permitted to do so. Although this action was taken in response to defense counsel's complaint that the witness would not talk to him, defense counsel made no subsequent effort to contact the witness prior to trial. When the court learned during the trial that defense counsel had been unable to decipher the contents of the medical report, a recess was declared to allow the witness to be interviewed. Under these circumstances, we hold that the state complied with its duty under the statute to tender a copy of the report and that the defendant's right to discovery under the statute was not otherwise violated.

2. The trial court did not err in refusing to allow the defense to call the prosecuting attorney as a witness in an attempt to establish

that the state had improperly withheld certain exculpatory evidence. When the existence of the evidence in question (a crime lab report) came to the attention of defense counsel during the examination of a witness, he moved for a mistrial. Although the trial court indicated its intention to grant the motion, defense counsel subsequently withdrew it after obtaining the state's agreement to stipulate the report into evidence without the necessity of calling as witnesses the crime lab personnel who had prepared it. The withdrawal of the motion for mistrial under these circumstances rendered moot the state's prior misconduct in withholding the information. Since that misconduct was not in and of itself relevant to the issue of the defendant's guilt or innocence of the charges against him, the attempt to examine the state's attorney as a witness was properly disallowed.

3. The trial court did not err in allowing over objection an inculpatory, tape-recorded statement which the defendant had made to police subsequent to his arrest. Although a transcript of this statement had been timely furnished to defense counsel in accordance with his written request pursuant to Code Ann. § 27-1302, it was contended that the statute had been violated because copies of earlier, exculpatory statements made by the defendant had not been furnished. From the testimony at trial, however, it appears that the prior statements amounted to nothing more than denials of guilt made during previous questioning. The sanction for failure to comply with § 27-1302 is set forth therein as follows: "(c) Failure of the prosecution to comply with a defendant's timely written request for a copy of his statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use in its case-in-chief or in rebuttal. (d) If the defendant's statement is oral, no relevant and material (incriminating or inculpatory) portion of such statement of the defendant may be used against the defendant unless it has been previously furnished to the defendant if a timely written request for a copy of such statement has been made by the defendant." Because the defendant's prior denials of guilt were separate and disassociated from his tape-recorded statement, and because the state made no attempt to use them as evidence, we hold that the failure to reduce them to writing and furnish them to the defense did not require the exclusion of the tape recording. The obvious purpose of the statute is to require full disclosure to the defendant of any statement made by him which is to be used against him, and that purpose has been fully vindicated in this case.

4. The trial court did not err in allowing the tape to be replayed to the jury after they had begun their deliberations, an action taken in response to the following written request by the foreman: "May the

jury hear the tape in the courtroom? The first hearing was not clear by most of the jurors. It was unintelligible due to microphone feedback." The defense objected that to replay the tape would overemphasize it, and the court gave the following cautionary instruction: "[P]lease understand that by playing it for you I am doing it only because of the note you gave me that said, 'It is unintelligible,' and I do not, by playing it again, mean to over-emphasize this portion of the evidence above all the rest of the evidence." The court acted within its discretion, and we find no error in allowing the tape to be replayed. See *Byrd v. State,* 237 Ga. 781 (1) (229 SE2d 631) (1976).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 8, 1982.

*Alden W. Snead,* for appellant.
*Robert Wilson, District Attorney, Ann Poe Mitchell, Assistant District Attorney,* for appellee.