## 65920. HILBURN v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted for murder but was convicted of voluntary manslaughter. After his motion for new trial was filed, amended, heard and denied, he appeals. *Held:*

1. Defendant's first enumeration of error is that the trial court erred in refusing to admit into evidence testimony of defendant's firearms expert witness concerning the defendant's sole defense of accident and testimony to impeach the state's firearms expert. Prior to placing this expert witness on the stand defense counsel attempted to obtain an agreement from the state to allow him to examine the expert with reference to a shotgun, a .45 caliber automatic pistol and a rifle, all of which have similar safety mechanisms, the same to be used for demonstrative purposes only and not to be introduced into evidence due to the fact that he did not desire that the weapons be taken as exhibits in the case as these weapons belonged to the defense's expert witness and they might well be tied up for a considerable length of time depending upon the litigation. Defense counsel contended that the firearm in question (a rifle) involved in the killing of the victim was discharged by accident and was unsafe and the above weapons would be germane and would be highly persuasive that the firearm in question was dangerous. Counsel for the state objected to the weapons being used and not becoming a part of the evidence to demonstrate a safety feature. The trial court held that the fact that the rifle allegedly used in the shooting was in evidence and the state's expert witness had been subjected to a thorough and sifting cross-examination as to same, the additional weapons would be irrelevant and immaterial to the issues in question, that is, the accidental firing of the weapon. Whereupon, the defense counsel placed the defense expert witness on the stand and thoroughly examined him after qualifying him as an expert with reference to the weapon in question. The defendant contends that under OCGA § 24-1-2 (formerly Code § 38-101) and such cases as *Newman v. Roberts,* 147 Ga. App. 157 (248 SE2d 217), and *Miller v. State,* 150 Ga. App. 597 (258 SE2d 279), that even where the relevancy of the evidence is doubtful it should be admitted and its weight left to the triers of fact for determination. Nevertheless, we find no abuse of discretion on the part of the trial court here with reference to such demonstration or experiments. See *Reese v. State,* 139 Ga. App. 630, 631 (1) (229 SE2d 111); *Hudson v. State,* 46 Ga. App. 668 (1) (168 SE 912). The trial court allowed both parties to fully demonstrate by the use of their expert witnesses the rifle used in the shooting. There is no merit in this complaint.

2. During the opening statement the state's counsel made certain remarks with reference to the fact that he had a number of witnesses that could testify as to the same things that other witnesses could testify to, and because of the time their interrogation would take, the state would only call certain witnesses that counsel considered as necessary to prove the case. Whereupon, defense counsel moved for a mistrial in that the state's counsel had told the jury that many of the witnesses would testify to the same thing. The motion was denied, but defense counsel requested that the jury be instructed to disregard the comment. Whereupon, the trial court under OCGA § 17-8-75 (criminal procedure) (formerly Code § 81-1009) instructed the jury to disregard the statement relative to the fact that some of the witnesses would say the same thing as the witnesses that would be called, and the court rebuked state's counsel for making that statement. In any event, if the remark by the state's counsel was improper, the error was cured by the trial court's instruction. *Berryhill v. State,* 249 Ga. 442, 451-452 (14) (291 SE2d 685); *Thomas v. State,* 248 Ga. 247, 252 (9) (282 SE2d 316). This enumeration of error is not meritorious.

3. Defendant next contends that he was improperly served with all inculpatory in-custody statements made by the defendant upon his request for same under OCGA § 17-7-210 (formerly Code Ann. § 27-1302 (Ga. L. 1980, p. 1388)). The defendant was served with certain relevant and material inculpatory statements made by defendant while in police custody. During a Jackson-Denno hearing a police officer under cross-examination by defense counsel, after testifying that he had read defendant his rights, was queried as to whether he had asked the defendant how much education he had. The witness replied, "yes, sir." The witness was then asked what the answer was as to education, and he testified the defendant had finished the eighth grade. The witness was then asked by defense counsel what else the defendant told him. The witness responded, "His name, date of birth, his height, weight, address, phone number, social security number, employer, occupation, hair color, eyes, teeth, nose, scars, tattoos, wife's name, father's name, mother's name, brother and sisters' names and addresses." Whereupon, counsel moved for mistrial contending that he had not been advised that the defendant had made such statements in regard to all of this, that he had not had an opportunity to investigate what was said, and he did not know what else he had said. The court forthwith denied the motion. We note here that the state did not seek in any way to elicit any of this information but same was the result of the cross-examination of the officer by defense counsel. The penalty for failure of the prosecution to serve a defendant timely with a copy of

inculpatory in-custodial statements is their exclusion and suppression from use in the prosecution's case-in-chief or in rebuttal. The state made no attempt to use these statements although a police officer testified as to his age and education. The obvious purpose of the statute was satisfied. See *Brown v. State,* 161 Ga. App. 544, 545 (3) (288 SE2d 882). Further, we do not see how the education and other personal data about the defendant (if same had been allowed in evidence) would be in any way inculpatory so as to be subject to the objection made. There is no merit in this complaint.

4. As to the remaining enumeration of error that the trial court erred in failing to grant defendant's motion for new trial as amended, we deem same to be abandoned as defendant has not supported same with argument or citation of authority, merely stating that on the basis of all of the above enumerations of error and a close reading of the transcript in its entirety the trial court was in error in denying the motion for new trial. Such does not constitute argument which will supply a reason why there should be a reversal. See *Haskins v. Jones,* 142 Ga. App. 153 (235 SE2d 630); *Wilkie v. State,* 153 Ga. App. 609 (1) (266 SE2d 289).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 20, 1983.

*Frank B. Perry, R. Stephen Tingle,* for appellant.
*David L. Lomenick, Jr., District Attorney, Ralph Lee Van Pelt, Jr., Herbert E. Franklin, Jr., Assistant District Attorneys,* for appellee.