## 76853. BROWNING v. THE STATE.
(373 SE2d 654)

McMURRAY, Presiding Judge.

Defendant appeals his conviction for driving under the influence of alcohol (DUI). *Held*:

1. In his first enumeration of error, defendant asserts the general grounds arguing that the evidence was insufficient to sustain his conviction for DUI. We do not agree.

The evidence adduced at trial showed that at about midnight on March 14, 1986, defendant was observed by Officer Billy Sharpton of the Lawrenceville Police Department sitting in a vehicle at a stop sign in a residential subdivision. The lights of defendant's vehicle were not illuminated and, after Officer Sharpton stopped his patrol car to investigate, he found defendant in the driver's seat of the vehicle asleep. The radio was on and the engine was running. Officer Sharpton also observed "several beer cans, at least three, on the seat beside [defendant]."

Defendant did not respond to Officer Sharpton's first request for identification, but a few moments later defendant exited the vehicle and attempted to strike the officer. A struggle ensued, after which Officer Sharpton subdued defendant, secured him with handcuffs and placed him in the back of the patrol car. Defendant resisted, kicking at the officer and using profane language.

After the struggle, Officer Sharpton observed a strong odor of alcohol about defendant, noticed that defendant was "having trouble standing up [and that defendant] was talking in a very loud tone of voice. . . ." Throughout the ordeal, defendant "insisted on arguing and cussing . . ." and he refused to respond to the officer's questions. Defendant later refused to submit to a breath test. This evidence, along with defendant's admission that he had consumed six cans of beer before driving to a convenience store that evening to purchase more beer, was sufficient to sustain defendant's conviction for DUI under the standard of proof required in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). OCGA § 40-6-391 (a). See *Phillips v. State*, 185 Ga. App. 54 (1) (363 SE2d 283).

2. Next, defendant contends the trial court erred in failing to grant his motion for mistrial after the State's attorney, during closing argument, stated: "I certainly think there is enough evidence to convict the defendant —."

After defendant's objection the trial court instructed the jury as follows: "Now, ladies and gentlemen, I have instructed the solicitor of this court to refrain from using the personal pronoun 'I,' to refrain from interjecting his personal opinion about what the evidence of this case is or was or what your verdict should be. His personal opinion, my personal opinion, [defense counsel's] personal opinion, anybody

else's personal opinion is not material to this case. You are to look only at the evidence in this case, the evidence that you've heard from the mouths of the witnesses, and to decide what the facts in this case are and apply the facts to the law, the law to the facts, and everybody reach their verdict. Any statements you've heard which were pronouncements of personal opinion, I instruct you to disregard and not use them in any way to reach a fair and impartial verdict in this case."

"[I]f the remark by the state's counsel was improper, the error was cured by the trial court's instruction. *Berryhill v. State*, 249 Ga. 442, 451-452 (14) (291 SE2d 685); *Thomas v. State*, 248 Ga. 247, 252 (9) (282 SE2d 316). This enumeration of error is not meritorious." *Hilburn v. State*, 166 Ga. App. 357, 358 (2) (304 SE2d 480).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 16, 1988 —
REHEARING DENIED SEPTEMBER 28, 1988.

G. *Hughel Harrison*, for appellant.
Gerald N. *Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor*, for appellee.