## A94A1787. ROBERTS v. THE STATE.
(452 SE2d 570)

RUFFIN, Judge.

James Stanley Roberts was convicted of aggravated assault. He appeals from the judgment of conviction and sentence and the denial of his motion for new trial, raising the general grounds as his sole enumeration of error.

Viewed in a light to support the verdict, the evidence shows James Roberts and his cousin, Howard Roberts, lived next door to each other for a number of years and there was bad blood between them. Days before the incident giving rise to James' conviction, the two quarreled over James' dog, Sugarbear, who was in heat and, as a result, attracted a pack of noisy male dogs. Because Sugarbear lived under Howard's house, Howard had difficulty sleeping due to the noisy dogs. When Howard confronted James and threatened to shoot

Sugarbear, James hit Howard in the jaw. Later Howard moved in with his brother, Bascom Roberts, for several days to get some sleep away from the dogs.

One afternoon, Howard decided to return home. Howard admitted he was drunk at the time. Armed with two shotguns and a cooler "plumb full of beer," Howard and Bascom stopped by a Wal-Mart store en route to Howard's house and bought two boxes of shotgun shells, enough to "shoot every dog" and "in case there was trouble . . . enough to hold out until the deputies got there." When they arrived, they were greeted by Sugarbear. Howard shot and killed the dog on the spot. Howard then yelled for James, who was inside his house. When James saw Howard shoot Sugarbear, James retrieved his shotgun and fired shots from his doorway in the direction of Howard's truck. Howard and Bascom took cover behind the truck, and a gun battle commenced. The gun battle went on for several minutes until James was wounded by a gun blast from Howard. James admitted he had been drinking before the shootout. Howard testified that he "knocked out" three more beers during the shootout. James, Howard and Bascom were tried together, and all three men were convicted of aggravated assault.

James Roberts contends the evidence did not support a conviction of aggravated assault because he was not the aggressor, he was justified in using force to defend himself, and Howard and Bascom were not placed in apprehension of immediate violent injury by him. James also contends he retreated to the upstairs floor of the house. However, the evidence shows that he fired a shot while upstairs and that subsequently he returned downstairs where he was eventually wounded when he stuck his head out of the front door, as he had done previously before firing shots at Howard and Bascom. James then yelled out that he had been hit, and the shooting ceased. James then climbed the stairs and sat on the top step until the police arrived.

"OCGA § 16-3-21 in substance provides that a person is justified in using deadly force against another when and to the extent that he reasonably believes that such force is necessary to defend himself against the other person's imminent use of unlawful force. The use of defensive force however is not justified when the defender engages in combat by agreement and there was no evidence of withdrawal from the fight by [James Roberts]. OCGA § 16-3-21 (b) (3)." *Rhodes v. State*, 170 Ga. App. 473, 475 (1) (317 SE2d 285) (1984). "Being suddenly aroused by anger, and mutually intending to fight, the law of mutual combat is involved. Such combat sufficiently appears where it is shown that there was a mutual intent by the accused and [another] to fight, and one or more shots were fired. It makes no difference who fires the first shot, nor is it necessary that both parties shoot." (Cita-

tions and punctuation omitted.) *Harris v. State,* 183 Ga. App. 219, 220 (1). (358 SE2d 634) (1987).

The evidence demonstrated that James Roberts was engaged in mutual combat for several minutes with Howard and Bascom from which he did not withdraw until he was injured, at which time all the shooting ceased. Therefore, we find no error in the trial court's denial of Roberts' motion for new trial because the evidence was sufficient to enable a rational trier of fact to find him guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 5, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994.

*H. Christopher Keown, Donald W. Singleton,* for appellant.
*Garry T. Moss, District Attorney,* for appellee.