A04A0673. ALDRIDGE v. THE STATE.
(600 SE2d 439)

PHIPPS, Judge.

A jury found Tavares Deante Aldridge guilty of aggravated assault for shooting Derrick Patterson with a gun. Aldridge appeals, contending that the evidence was insufficient to convict him of that offense. Because the record shows otherwise, we affirm.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. An appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses,

including the State's witnesses, are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld.[1]

The state's evidence showed that one evening in August 1998, Patterson was walking down a corridor leaving an acquaintance's apartment, when his shoulder "bumped into" Aldridge's shoulder. Patterson apologized. Aldridge swung at Patterson, and the two exchanged punches. When they stepped away from each other, Patterson heard what sounded to him to be clicks from a gun. Unarmed, Patterson feared for his life and fled back to the apartment. Aldridge followed him. As Patterson was running through the apartment, Aldridge shot him in his back shoulder, buttocks, and neck.

Aldridge admitted that he shot Patterson, but claimed it was self-defense. He testified that Patterson had already bumped him twice that day and that it was Patterson who had thrown the first punch after bumping him in the corridor. According to Aldridge, another man entered the ensuing fight on Patterson's behalf, and when the men separated, he believed that the two men would continue attacking him. Therefore, he pulled a gun from his pocket. Patterson ran to the apartment making threats. Aldridge testified, "I [was not] going to give him a chance to get me first." He tried to shoot Patterson, but his gun misfired. Aldridge explained that, while he did not see a gun on Patterson, he believed that Patterson was heading to get one. Therefore, he followed Patterson into the apartment and started shooting him. Aldridge recalled, "all the time I was shooting him . . . [Patterson] kept running."

Aldridge contends that his account of what happened establishes that he acted in self-defense. But evidence that Aldridge pursued and shot Patterson in the back while Patterson was unarmed and attempting to flee to safety authorized the jury to reject Aldridge's claim of self-defense and find him guilty of aggravated assault under the standard of *Jackson v. Virginia*.[2]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED MAY 19, 2004.

*David J. Koontz*, for appellant.

---

[1] (Footnote omitted.) *Bartlett v. State*, 244 Ga. App. 49-50 (537 SE2d 362) (2000).

[2] Supra; see OCGA §§ 16-3-21; 16-5-21 (a) (2); *Lockwood v. State*, 259 Ga. App. 350, 351 (1) (577 SE2d 50) (2003).

*Patrick H. Head, District Attorney, Richard N. Blevins, Jr., Dana J. Norman, Assistant District Attorneys*, for appellee.